# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and MAUREEN YORK | : | |
| | : | C.A. 04-551 S |
| v. | : | |
| | : | |
| DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC. | : | |

***DEFENDANT, APOLLO VAN LINES, INC. FIRST SET OF INTERROGATORIES PROPOUNDED TO THE PLAINTIFF, MAUREEN YORK***

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Defendant, Apollo Van Lines, Inc. propounds the following interrogatories to Plaintiff, Maureen York, to be answered separately and fully in writing under oath within forty (40) days after service hereof.

**PRELIMINARY STATEMENT**

In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys, their investigators and all other persons acting in your behalf, and not merely such information known of your personal knowledge. Each interrogatory, and each subsection of each interrogatory, is to be fully and separately answered in accordance with the duties set forth in Rule 26 and 33 of the Federal Rules of Civil Procedure. As to any interrogatory for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as its possible.

**DEFINITIONS**

For the purpose of these Interrogatories and answers thereto the following definitions shall apply:

A. "Document" means any paper or other writing and any items of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final document, regardless of whether designated "confidential", "privileged", or otherwise restricted, wherever located, whether an original or a copy, including but not limited to agreements, contracts, financial statements, invoices, minutes, work sheets, work papers, summaries, and other written records or recordings of any conferences, meetings, visits, interviews or telephone conversations, financial and statistical data, analyses, surveys, transcripts of testimony, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records interoffice communication, electronic data processing cards, tapes, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, books, brochures, advertisements, circulars, mailings and publications; and any copy contained thereon or having attached thereto any alterations, notes, comments or other material shall be deemed a separate document from the original or any other copy not containing such materials within the foregoing definition.

B. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office or any other form of legal entity.

C. "You" "Your" or "York" is defined as meaning Maureen York or any other person acting on behalf or under the direction or control of the Plaintiffs.

D. "Date" means the exact day, month and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

The words used in this document have been selected for their common meanings, and no particular manner of punctuation or sentence construction is intended. Please resolve any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. (If you cannot resolve any such doubt, you are invited to call the counsel to resolve any ambiguities through discussion rather than simply state an objection for vagueness and wait for judicial resolution of the discovery objection)

**PRIVILEGE**

With respect to any requested information, as to which any claims of privilege is made or as to which any claim of protection from discovery is made under Rule 26(b) of the Rules of Civil Procedure, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable Plaintiff to form a judgment as to the basis and validity of the claimed privilege.

**INTERROGATORIES**

1. Please identify yourself fully, giving your full name, age, marital status, social security number, birthdate, residence address, business address and occupation.

2. Prior to answering these interrogatories, have you made due and diligent search of your books, records, and papers, and due and diligent inquiry of your agents and employees, with a view to eliciting all information available in this action?

3. Please state the facts upon which you rely to support the allegations in paragraph 8 of your First Amended Complaint giving the following:

   a. The name, address and phone number of each Andrews Express employee who informed Mrs. York that the items were damaged when they picked them up at Andrews Express & Storage Warehouse due to the poor condition of the warehouse where they were stored, including a leaking roof;

   b. Whether or not said statements by the Andrews employee informants have been reduced to writing and obtained from the persons named, and if so the date of each statement and the identity of each person from whom a statement has been taken together with the name and address of the custodian of the same;

4. Please state every action you have taken to investigate, photograph, and substantiate the allegations setforth in paragraph 8 of your First Amended Complaint and please provide the following:

   a. The identity of photographs of any and all conditions of the Andrew Express & Storage Warehouse where the goods were stored including the leaking roof by date of photo, author, and the name of the custodian of the same;

   b. Name, address, identity of the person or persons who may have conducted an inspection of said Andrews Express & Storage Warehouse together with an identification of any reports with name, address and phone number of the inspector respecting the same relative to the "poor condition of the warehouse where they were stored, including the leaking roof" as set forth in paragraph 8 of your First Amended Complaint.

5. Please state the names, addresses and phone numbers of all persons whom you know to have discoverable evidence respecting the allegations in the First Amended Complaint together with a brief recitation of the subject matter as it appertains to each person and an identification with reasonable particularity sufficient to support a Request to Produce of each document in support thereof.

6. Do you or does any agent or employee of the Plaintiff have possession or control of, or know of the existence of any maps, pictures, photographs, plates, drawings, diagrams, measurements or other written description of the alleged occurrence or the scene of the occurrence, and if so, identify each, stating the date and time each was made or taken and by whom, what each depicts, and the name and address of the person who presently has possession of them?

7. With respect to each witness you intend to call as an expert witness at trial, please state, the name, address, qualifications, and area of expertise; the substance of the fact and opinions to which he or she is expected to testify; a summary of the grounds for each opinion; and the specific facts upon which the expert relies for each opinion.

8. Please state all facts upon which you rely to support the allegations in paragraph 22 of your First Amended Complaint that Apollo Van Lines' breach of duty owed to the Yorks directly and proximately resulted in the York's suffering severe financial losses and other damages, including but not limited to the loss of substantially all of their household goods and possessions and describe with reasonable particularity sufficient to support a Request to Produce each document in support thereof.

9. Please describe fully and in complete detail the content of any and all conversations, sounds, words, utterances, speech or noises made by any officer, employee or representative of Defendant Apollo Van Lines, Inc. after the alleged occurrence, which were heard by you or any agent or employee, and give the name, address and telephone number of the Apollo representative and the person who heard the conversation.

10. If at any time after the alleged occurrence you or any agent or employee of the Plaintiffs had any conversations or communications relating to the incident either just before or just after the incident, or which you heard occurring between anyone else just before or just after the incident including, but not limited to, conversations between any parties or witnesses to the incident, identify the participants of each such conversation by name, address and telephone number.

11. Please state as to each and every witness known to you or any agent or employee of the Plaintiff or other Defendant to have seen, heard or known about the alleged occurrence:

    a. The name, address and telephone number of each;

    b. The location where each witness was at the time he or she saw, heard, or learned about the alleged occurrence;

    c. The substance, as best as you can give it, of all information or knowledge about the alleged occurrence known to each such witness;

    d. Whether or not each witness gave any statement or account, either oral or in writing, of his or her knowledge of the occurrence, and if so, give the substance of the same, and the name and address of the person or persons who personally have possession of such statement.

12. Please state in detail each act or omission by the Defendant Apollo Van Lines, Inc. which it is contended or alleged caused or contributed to cause the Plaintiff's injuries and damages.

13. Within the past ten years, please state whether or not you have ever pleaded guilty or been convicted of any criminal offense, indicating the date of such pleas or convictions, the court, the city and state, the nature of the offense, and the disposition of the court.

14. Please identify the specific item, by inventory number and bill of lading number, that you claim was damaged during transportation by Apollo Van Lines, Inc., and describe the

damage, and if there are any documents in support of such claim please describe them by name, date, identity and author with reasonable particularity to support a motion or request to produce.

15. Please provide a comprehensive statement of the damages to each of your household goods giving the following information as to each article:

    a. A description of the article;

    b. The name of the seller;

    c. The year of purchase;

    d. The purchase price of the article;

    e. The fair market value of the article at the time of the damage and the basis for computing the same;

    f. Whether there are photos of such article and if so an identification of same;

16. Please describe all steps with reasonable particularity which you took to minimize damages to your household goods and premises giving a description of the action undertaken, the date of the same, the names, addresses, identity and telephone numbers of the person or persons whom you retained to undertake such actions and what they did.

17. In your own words, please state fully how the incident or occurrence took place, including any observations you have made prior to, during, and after the incident or occurrence took place, in their sequential order.

18. If you contend that the negligence of any other person or persons other than the Defendant, Apollo Van Lines, Inc. or any agent or employee of Defendant Apollo Van Lines, Inc. caused or contributed to injuries suffered by the Plaintiff, please state their name or names and the manner in which they caused or contributed to cause Plaintiff's incident;

19. Please describe in detail everything that you did in attempt to avoid the alleged occurrence.

20. Please provide a complete description of the premises at 505 Wolcott Avenue, at the time of your first entry and identify any and all agents and employees who have conducted investigations of said premises relative to the determination of the existence of mold, mildew and/or other related fungi giving their name, address, telephone number, findings, date of inspection and date of report.

21. Please state the amount of money you have been paid by each Defendant in this case and/or the United States Government for damages sustained by you giving an identity of

the check, the date of the check, the maker, the bank upon which it was drawn, and whether or not you retained a copy of the same.

22. Please describe with reasonable particularity sufficient to support a Request to Produce all writings, documents, proof of loss, letters, appraisals, investigation reports, expert reports and photographs with each and every party to the case, and/or:

a. Apollo Van Lines, Inc.;

b. Andrews Express & Storage Warehouse, Inc.;

c. Representatives of the United States Government;

d. Williams Moving Company;

e. Day Transfer Company;

f. Indoor Air Quality Management of New England, LLC;

g. Mayflower Van Lines;

h. Clean Air;

i. Servicemaster Allied Cleaning and Restoration Services;

j. Richard Williams.

23. Please state the name and address of the person who selected Andrews Express and Storage Warehouse, Inc. for the storage and warehousing of your household goods and identify with reasonable particularity each and every document, which records such selection.

24. Please identify all witness that you intend to call at trial by giving their name, home address and telephone number.

25. Have you presented a claim for loss and damage to your goods to any military office? If so, identify the military office, the date the claim was submitted, the claim number, the identity of the military official processing the claim, the status of the claim, and the amount paid to plaintiffs in settlement of the claim. If you have not yet presented a claim to the military for loss or damage to your goods, do plaintiffs intend to present such a claim?

26. Please state whether your goods were insured and if so, the identity of the insurer, whether a claim has been presented to the insurance company, the claim office address, the claim number and whether any payment has been received from the insurance company, and if so the dollar amount of the payment and the date of payment.

Apollo Van Lines, Inc.
By its Attorney:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 14th day of March 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842 and **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |

***DEFENDANT, APOLLO VAN LINES, INC. FIRST SET OF INTERROGATORIES PROPOUNDED TO THE PLAINTIFF, JASON YORK***

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Defendant, Apollo Van Lines, Inc. propounds the following interrogatories to Plaintiff, Jason York, to be answered separately and fully in writing under oath within forty (40) days after service hereof.

**PRELIMINARY STATEMENT**

In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys, their investigators and all other persons acting in your behalf, and not merely such information known of your personal knowledge. Each interrogatory, and each subsection of each interrogatory, is to be fully and separately answered in accordance with the duties set forth in Rule 26 and 33 of the Federal Rules of Civil Procedure. As to any interrogatory for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as its possible.

**DEFINITIONS**

For the purpose of these Interrogatories and answers thereto the following definitions shall apply:

A. "Document" means any paper or other writing and any items of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final document, regardless of whether designated "confidential", "privileged", or otherwise restricted, wherever located, whether an original or a copy, including but not limited to agreements, contracts, financial statements, invoices, minutes, work sheets, work papers, summaries, and other written records or recordings of any conferences, meetings, visits, interviews or telephone conversations, financial and statistical data, analyses, surveys, transcripts of testimony, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records interoffice communication, electronic data processing cards, tapes, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, books, brochures, advertisements, circulars, mailings and publications; and any copy contained thereon or having attached thereto any alterations, notes, comments or other material shall be deemed a separate document from the original or any other copy not containing such materials within the foregoing definition.

B. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office or any other form of legal entity.

C. "You" "Your" or "York" is defined as meaning Jason York or any other person acting on behalf or under the direction or control of the Plaintiffs.

D. "Date" means the exact day, month and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

The words used in this document have been selected for their common meanings, and no particular manner of punctuation or sentence construction is intended. Please resolve any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. (If you cannot resolve any such doubt, you are invited to call the counsel to resolve any ambiguities through discussion rather than simply state an objection for vagueness and wait for judicial resolution of the discovery objection)

## PRIVILEGE

With respect to any requested information, as to which any claims of privilege is made or as to which any claim of protection from discovery is made under Rule 26(b) of the Rules of Civil Procedure, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable Plaintiff to form a judgment as to the basis and validity of the claimed privilege.

## INTERROGATORIES

1. Please identify yourself fully, giving your full name, age, marital status, social security number, birthdate, residence address, business address and occupation.

2. Prior to answering these interrogatories, have you made due and diligent search of your books, records, and papers, and due and diligent inquiry of your agents and employees, with a view to eliciting all information available in this action?

3. Please state the facts upon which you rely to support the allegations in paragraph 8 of your First Amended Complaint giving the following:

   a. The name, address and phone number of each Andrews Express employee who informed Mrs. York that the items were damaged when they picked them up at Andrews Express & Storage Warehouse due to the poor condition of the warehouse where they were stored, including a leaking roof;

   b. Whether or not said statements by the Andrews employee informants have been reduced to writing and obtained from the persons named, and if so the date of each statement and the identity of each person from whom a statement has been taken together with the name and address of the custodian of the same;

4. Please state every action you have taken to investigate, photograph, and substantiate the allegations setforth in paragraph 8 of your First Amended Complaint and please provide the following:

   a. The identity of photographs of any and all conditions of the Andrew Express & Storage Warehouse where the goods were stored including the leaking roof by date of photo, author, and the name of the custodian of the same;

   b. Name, address, identity of the person or persons who may have conducted an inspection of said Andrews Express & Storage Warehouse together with an identification of any reports with name, address and phone number of the inspector respecting the same relative to the "poor condition of the warehouse where they were stored, including the leaking roof" as set forth in paragraph 8 of your First Amended Complaint.

5. Please state the names, addresses and phone numbers of all persons whom you know to have discoverable evidence respecting the allegations in the First Amended Complaint together with a brief recitation of the subject matter as it appertains to each person and an identification with reasonable particularity sufficient to support a Request to Produce of each document in support thereof.

6. Do you or does any agent or employee of the Plaintiff have possession or control of, or know of the existence of any maps, pictures, photographs, plates, drawings, diagrams, measurements or other written description of the alleged occurrence or the scene of the occurrence, and if so, identify each, stating the date and time each was made or taken and by whom, what each depicts, and the name and address of the person who presently has possession of them?

7. With respect to each witness you intend to call as an expert witness at trial, please state, the name, address, qualifications, and area of expertise; the substance of the fact and opinions to which he or she is expected to testify; a summary of the grounds for each opinion; and the specific facts upon which the expert relies for each opinion.

8. Please state all facts upon which you rely to support the allegations in paragraph 22 of your First Amended Complaint that Apollo Van Lines' breach of duty owed to the Yorks directly and proximately resulted in the York's suffering severe financial losses and other damages, including but not limited to the loss of substantially all of their household goods and possessions and describe with reasonable particularity sufficient to support a Request to Produce each document in support thereof.

9. Please describe fully and in complete detail the content of any and all conversations, sounds, words, utterances, speech or noises made by any officer, employee or representative of Defendant Apollo Van Lines, Inc. after the alleged occurrence, which were heard by you or any agent or employee, and give the name, address and telephone number of the Apollo representative and the person who heard the conversation.

10. If at any time after the alleged occurrence you or any agent or employee of the Plaintiffs had any conversations or communications relating to the incident either just before or just after the incident, or which you heard occurring between anyone else just before or just after the incident including, but not limited to, conversations between any parties or witnesses to the incident, identify the participants of each such conversation by name, address and telephone number.

11. Please state as to each and every witness known to you or any agent or employee of the Plaintiff or other Defendant to have seen, heard or known about the alleged occurrence:

   a. The name, address and telephone number of each;

   b. The location where each witness was at the time he or she saw, heard, or learned about the alleged occurrence;

   c. The substance, as best as you can give it, of all information or knowledge about the alleged occurrence known to each such witness;

   d. Whether or not each witness gave any statement or account, either oral or in writing, of his or her knowledge of the occurrence, and if so, give the substance of the same, and the name and address of the person or persons who personally have possession of such statement.

12. Please state in detail each act or omission by the Defendant Apollo Van Lines, Inc., which it is contended or alleged caused or contributed to cause the Plaintiff's injuries and damages.

13. Within the past ten years, please state whether or not you have ever pleaded guilty or been convicted of any criminal offense, indicating the date of such pleas or convictions, the court, the city and state, the nature of the offense, and the disposition of the court.

14. Please identify the specific item, by inventory number and bill of lading number, that you claim was damaged during transportation by Apollo Van Lines, Inc., and describe the

damage, and if there are any documents in support of such claim please describe them by name, date, identity and author with reasonable particularity to support a motion or request to produce.

15. Please provide a comprehensive statement of the damages to each of your household goods giving the following information as to each article:

    a. A description of the article;

    b. The name of the seller;

    c. The year of purchase;

    d. The purchase price of the article;

    e. The fair market value of the article at the time of the damage and the basis for computing the same;

    f. Whether there are photos of such article and if so an identification of same;

16. Please describe all steps with reasonable particularity which you took to minimize damages to your household goods and premises giving a description of the action undertaken, the date of the same, the names, addresses, identity and telephone numbers of the person or persons whom you retained to undertake such actions, and what they did.

17. In your own words, please state fully how the incident or occurrence took place, including any observations you have made prior to, during, and after the incident or occurrence took place, in their sequential order.

18. If you contend that the negligence of any other person or persons other than the Defendant, Apollo Van Lines, Inc. or any agent or employee of Defendant Apollo Van Lines, Inc. caused or contributed to injuries suffered by the Plaintiff, please state their name or names and the manner in which they caused or contributed to cause Plaintiff's incident;

19. Please describe in detail everything that you did in attempt to avoid the alleged occurrence.

20. Please provide a complete description of the premises at 505 Wolcott Avenue, at the time of your first entry and identify any and all agents and employees who have conducted investigations of said premises relative to the determination of the existence of mold, mildew and/or other related fungi giving their name, address, telephone number, findings, date of inspection and date of report.

21. Please state the amount of money you have been paid by each Defendant in this case and/or the United States Government for damages sustained by you giving an identity of

the check, the date of the check, the maker, the bank upon which it was drawn, and whether or not you retained a copy of the same.

22. Please describe with reasonable particularity sufficient to support a Request to Produce all writings, documents, proof of loss, letters, appraisals, investigation reports, expert reports and photographs with each and every party to the case, and/or:

a. Apollo Van Lines, Inc.;

b. Andrews Express & Storage Warehouse, Inc.;

c. Representatives of the United States Government;

d. Williams Moving Company;

e. Day Transfer Company;

f. Indoor Air Quality Management of New England, LLC;

g. Mayflower Van Lines;

h. Clean Air;

i. Servicemaster Allied Cleaning and Restoration Services;

j. Richard Williams.

23. Please state the name and address of the person who selected Andrews Express & Storage Warehouse, Inc. for the storage and warehousing of your household goods and identify with reasonable particularity each and every document, which records such selection.

24. Please identify all witness that you intend to call at trial by giving their name, home address and telephone number.

25. Have you presented a claim for loss and damage to your goods to any military office? If so, identify the military office, the date the claim was submitted, the claim number, the identity of the military official processing the claim, the status of the claim, and the amount paid to plaintiffs in settlement of the claim. If you have not yet presented a claim to the military for loss or damage to your goods, do plaintiffs intend to present such a claim?

26. Please state whether your goods were insured and if so, the identity of the insurer, whether a claim has been presented to the insurance company, the claim office address, the claim number and whether any payment has been received from the insurance company, and if so the dollar amount of the payment and the date of payment.

Apollo Van Lines, Inc.
By its Attorney:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 17th day of March 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842 and **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382.

# EXHIBIT 2

MODE = MEMORY TRANSMISSION START=MAY-02 12:19 END=MAY-02 12:20

FILE NO.= 173

| STN NO. | COM | ABBR NO. | STATION NAME/TEL.NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ☎ | 8480984 | 002/002 | 00:00'37" |

-LENIHAN GRADY & STEELE -

************************************* -LENIHAN GRADY & - ***** - 4015966845- *********


LAW OFFICES OF

# LENIHAN GRADY & STEELE

THE DENISON HOUSE
6 CANAL STREET
P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

F. THOMAS LENIHAN
(1939-2003)
THOMAS J. GRADY*
MARGARET L. STEELE*

MICHELLE A. BUCK*
MATTHEW J. CORCORAN*

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED TO PRACTICE IN RI AND CT


## FACSIMILE COVER SHEET

**TO:** Joseph Palumbo, Esq.

**FAX:** 848-0984

**FROM:** Thomas J. Grady, Esq.

**RE:** York v. Day Transfer Co., et al.

**TIME:** ____________ **DATE:** 5/2/05

**NUMBER OF PAGES (INCLUDING COVER SHEET):** 2

**MESSAGE:**

## STATEMENT OF CONFIDENTIALITY

This fax contains confidential information intended for the person(s) named above. Any use, distribution, copying or disclosure by any other person is strictly prohibited. If you have received this fax in error, please notify us at the above telephone number (collect) immediately and return the original transmission to us without making a copy.

LAW OFFICES OF
LENIHAN GRADY & STEELE
THE DENISON HOUSE
6 CANAL STREET
P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

F. THOMAS LENIHAN
(1939-2003)
THOMAS J. GRADY*
MARGARET L. STEELE*

MICHELLE A. BUCK*
MATTHEW J. CORCORAN*

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED TO PRACTICE IN RI AND CT

## FACSIMILE COVER SHEET

**TO:** Joseph Palumbo, Esq.

**FAX:** 848-0984

**FROM:** Thomas J. Grady, Esq.

**RE:** York v. Day Transfer Co., et al.

**TIME:** ____________ **DATE:** 5/2/05

**NUMBER OF PAGES (INCLUDING COVER SHEET):** 2

**MESSAGE:**

### STATEMENT OF CONFIDENTIALITY

This fax contains confidential information intended for the person(s) named above. Any use, distribution, copying or disclosure by any other person is strictly prohibited. If you have received this fax in error, please notify us at the above telephone number (collect) immediately and return the original transmission to us without making a copy.

LAW OFFICES OF
LENIHAN GRADY & STEELE
THE DENISON HOUSE
6 CANAL STREET
P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

F. THOMAS LENIHAN
(1939-2003)
THOMAS J. GRADY*
MARGARET L. STEELE*

MICHELLE A. BUCK*
MATTHEW J. CORCORAN*

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED TO PRACTICE IN RI AND CT

***Via Facsimile***
May 2, 2005

Joseph Palumbo, Esq.
194 Valley Road
Middletown, RI 02842

***Re: Jason York and Maureen York v. Day Transfer Co., et al.***
***C.A. No. 04-551S***

Dear Mr. Palumbo:

York's Answers to Interrogatories and Request for Production were due on April 27, 2005. We have not received anything yet. If we don't receive them within 10 days from receipt of this letter than we will file a Motion to Compel.

Very truly yours,

***LENIHAN, GRADY & STEELE***

Thomas J. Grady, Esq.

TJG/rcc