UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
JUN 06 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | |
| | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |
| v. | : | |
| WILLIAMS MOVING COMPANY | : | |

***MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH APOLLO VAN LINES, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR IMPOSITION OF REASONABLE ATTORNEY'S FEES***

Pursuant to Fed.R.Civ.P. 37(a), the Defendant Apollo Van Lines, Inc. (hereinafter "Apollo") moves this Court to compel the Plaintiffs, Maureen York and Jason York to produce documents that were requested from them on March 17, 2005. See Exhibit 1. On March 17, 2005, Apollo caused a request for production of documents to be served upon the Plaintiffs pursuant to Fed.R.Civ.P. 34(a). As of April 27, 2005 there had been no response, which is beyond the 30-day deadline to respond imposed by Fed.R.Civ.P. 34(b).

On May 2, 2005, Apollo faxed a letter to Plaintiffs' counsel, Joseph Palumbo in an

attempt to resolve this discovery dispute without court intervention. See Exhibit 2. As of June 2, 2005 no response was made.

Apollo moves this court to compel the Plaintiff's to produce the required documents and for reasonable attorney's fees incurred due to the necessity of bringing this motion in the amount of $150.00.

Defendant Apollo Van Lines, Inc.

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
Six Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 2nd day of June 2005 to **Thomas C. Plunkett, Esq.**, Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq.**, Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842, **Sarah L. Fitfield, Esq.**, Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382; **James P. Marusak, Esq.**, Gidley, Sarli & Marusak, LLP, One Turks Head place, Suite 900, Providence, RI 02903 and **George W. Wright, Esq**. George W. Wright & Associates, LLC, Continental Plaza, 401 Hackensack Avenue, 7th Floor, Hackensack, NJ 07601.

# EXHIBIT 1

IUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |

***DEFENDANT, APOLLO VAN LINES, INC. FIRST REQUEST FOR PRODUCTION PROPOUNDED TO THE PLAINTIFF, MAUREEN YORK***

Defendant, Apollo Van Lines, Inc. request the Plaintiff, Maureen York produce for inspection and copying at the office of Thomas J. Grady, Esq., Lenihan, Grady & Steele, 6 Canal Street, Westerly, Rhode Island 02891 within forty (40) days the following:

**DEFINITIONS AND INSTRUCTIONS**

In responding to these documents requests, produce all responsive documents which are in the possession, custody, or control of Plaintiff, including documents in the possession of Plaintiff's attorneys, investigators, agents, persons under contract with Plaintiff may reasonably be expected to retrieve the documents. All documents produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in this request.

These requests for production shall be deemed to be continuing so as to require supplemental responses. If Plaintiff subsequently obtains information which renders its responses incomplete or incorrect, Plaintiff shall produce any and all additional responsive documents within a reasonable time after obtaining such information.

The following definitions and rules of construction shall apply to these requests for production of documents:

(a) The terms "documents" and "documentation" are defines to be synonymous in meaning and equal in scope to the usage of the term "documents" in Federal Rule of Civil Produce 34(a), including, without limitation, e-mails and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(b) The term "concerning" means in the broadest sense, relating to, referring to, discussing, describing, evidencing, or constituting in any way.

(c) The term "communication" means the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise by any means, whether oral, written or otherwise, from one person and/or entity to another.

(d) The term "person" means any natural person and any business, legal, or governmental entity or association.

(e) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(f) The terms "any" and "all" shall each be construed to mean any or all as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(g) The use of the singular form of any word includes the plural and vice versa.

(h) The terms "You" and "Your" mean Plaintiff, Maureen York.

(i) The terms "You" and "Yours", as well as any other party's full and abbreviated name or a pronoun referring to a party mean the party or parties, and, where applicable, its on their current or former officers, directors, agents, employees, shareholders, partners, members, trustees, predecessors, successors, corporate parents, subsidiaries, affiliates, consultants and/or sub-consultants. The definition is not intended to impose a discovery obligation on any person or entity who is not a party to this litigation.

(j) For any requested document or thing as to which any claim of protection from discovery is made, identify the privilege upon which you rely, identify the document by date, author, address, present custodian, general subject matter, and location, and set forth the facts upon which such claim of privilege or protection is based.

(k) The relevant time period, unless otherwise stated, is June 1, 2004 through the present.

**REQUESTS**

1. Please provide all documents that support your answer to Interrogatory #3b.
2. Please provide all documents that support your answer to Interrogatory #4a.
3. Please provide all documents that support your answer to Interrogatory #4b.
4. Please provide all documents that support your answer to Interrogatory #5.
5. Please provide all documents that support your answer to Interrogatory #6.
6. Please provide all documents that support your answer to Interrogatory #7.
7. Please provide all documents that support your answer to Interrogatory #8.
8. Please provide all documents that support your answer to Interrogatory #11d.

9. Please provide all documents that support your answer to Interrogatory #14.

10. Please provide all documents that support your answer to Interrogatory #15a-f.

11. Please provide all documents that support your answer to Interrogatory #22.

12. Please provide all documents that support your answer to Interrogatory #23.

13. Please provide all documents that support your answer to Interrogatory #25.

14. Please provide all documents that support your answer to Interrogatory #26.

Apollo Van Lines, Inc.
By its Attorney:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 17th day of March 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842 and **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | |
| | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |

***DEFENDANT, APOLLO VAN LINES, INC. FIRST REQUEST FOR PRODUCTION PROPOUNDED TO THE PLAINTIFF, JASON YORK***

Defendant, Apollo Van Lines, Inc. request the Plaintiff, Jason York produce for inspection and copying at the office of Thomas J. Grady, Esq., Lenihan, Grady & Steele, 6 Canal Street, Westerly, Rhode Island 02891 within forty (40) days the following:

**DEFINITIONS AND INSTRUCTIONS**

In responding to these documents requests, produce all responsive documents which are in the possession, custody, or control of Plaintiff, including documents in the possession of Plaintiff's attorneys, investigators, agents, persons under contract with Plaintiff may reasonably be expected to retrieve the documents. All documents produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in this request.

These requests for production shall be deemed to be continuing so as to require supplemental responses. If Plaintiff subsequently obtains information which renders its responses incomplete or incorrect, Plaintiff shall produce any and all additional responsive documents within a reasonable time after obtaining such information.

The following definitions and rules of construction shall apply to these requests for production of documents:

(a) The terms "documents" and "documentation" are defines to be synonymous in meaning and equal in scope to the usage of the term "documents" in Federal Rule of Civil Produce 34(a), including, without limitation, e-mails and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(b) The term "concerning" means in the broadest sense, relating to, referring to, discussing, describing, evidencing, or constituting in any way.

(c) The term "communication" means the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise by any means, whether oral, written or otherwise, from one person and/or entity to another.

(d) The term "person" means any natural person and any business, legal, or governmental entity or association.

(e) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(f) The terms "any" and "all" shall each be construed to mean any or all as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(g) The use of the singular form of any word includes the plural and vice versa.

(h) The terms "You" and "Your" mean Plaintiff, Jason York.

(i) The terms "You" and "Yours", as well as any other party's full and abbreviated name or a pronoun referring to a party mean the party or parties, and, where applicable, its on their current or former officers, directors, agents, employees, shareholders, partners, members, trustees, predecessors, successors, corporate parents, subsidiaries, affiliates, consultants and/or sub-consultants. The definition is not intended to impose a discovery obligation on any person or entity who is not a party to this litigation.

(j) For any requested document or thing as to which any claim of protection from discovery is made, identify the privilege upon which you rely, identify the document by date, author, address, present custodian, general subject matter, and location, and set forth the facts upon which such claim of privilege or protection is based.

(k) The relevant time period, unless otherwise stated, is June 1, 2004 through the present.

**REQUESTS**

1. Please provide all documents that support your answer to Interrogatory #3b.
2. Please provide all documents that support your answer to Interrogatory #4a.
3. Please provide all documents that support your answer to Interrogatory #4b.
4. Please provide all documents that support your answer to Interrogatory #5.
5. Please provide all documents that support your answer to Interrogatory #6.
6. Please provide all documents that support your answer to Interrogatory #7.
7. Please provide all documents that support your answer to Interrogatory #8.
8. Please provide all documents that support your answer to Interrogatory #11d.

9. Please provide all documents that support your answer to Interrogatory #14.

10. Please provide all documents that support your answer to Interrogatory #15a-f.

11. Please provide all documents that support your answer to Interrogatory #22.

12. Please provide all documents that support your answer to Interrogatory #23.

13. Please provide all documents that support your answer to Interrogatory #25.

14. Please provide all documents that support your answer to Interrogatory #26.

Apollo Van Lines, Inc.
By its Attorney:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 17th day of March 2005 to **Thomas C. Plunkett, Esq.**, Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq.**, Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842 and **Sarah L. Fitfield, Esq.**, Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382.

# EXHIBIT 2

MODE = MEMORY TRANSMISSION START=MAY-02 12:19 END=MAY-02 12:20

FILE NO.= 173

| STN NO. | COM | ABBR NO. | STATION NAME/TEL.NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | a | 8480984 | 002/002 | 00:00'37" |

-LENIHAN GRADY & STEELE -

*********************************** -LENIHAN GRADY & - ***** - 4015966845- *********

LAW OFFICES OF

LENIHAN GRADY & STEELE

THE DENISON HOUSE
6 CANAL STREET
P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

P. THOMAS LENIHAN (1939-2003)
THOMAS J. GRADY*
MARGARET L. STEELE*

MICHELLE A. BUCK*
MATTHEW J. CORCORAN*

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED TO PRACTICE IN RI AND CT

## FACSIMILE COVER SHEET

**TO:** Joseph Palumbo, Esq.

**FAX:** 848-0984

**FROM:** Thomas J. Grady, Esq.

**RE:** York v. Day Transfer Co., et al.

**TIME:** ______ **DATE:** 5/2/05

**NUMBER OF PAGES (INCLUDING COVER SHEET):** 2

**MESSAGE:**

## STATEMENT OF CONFIDENTIALITY

This fax contains confidential information intended for the person(s) named above. Any use, distribution, copying or disclosure by any other person is strictly prohibited. If you have received this fax in error, please notify us at the above telephone number (collect) immediately and return the original transmission to us without making a copy.

LAW OFFICES OF
LENIHAN GRADY & STEELE
THE DENISON HOUSE
6 CANAL STREET
P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

F. THOMAS LENIHAN
(1939-2003)
THOMAS J. GRADY*
MARGARET L. STEELE*

MICHELLE A. BUCK*
MATTHEW J. CORCORAN*

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED TO PRACTICE IN RI AND CT

# FACSIMILE COVER SHEET

**TO:** Joseph Palumbo, Esq.

**FAX:** 848-0984

**FROM:** Thomas J. Grady, Esq.

**RE:** York v. Day Transfer Co., et al.

**TIME:** ______ **DATE:** 5/2/05

**NUMBER OF PAGES (INCLUDING COVER SHEET):** 2

**MESSAGE:**

## STATEMENT OF CONFIDENTIALITY

This fax contains confidential information intended for the person(s) named above. Any use, distribution, copying or disclosure by any other person is strictly prohibited. If you have received this fax in error, please notify us at the above telephone number (collect) immediately and return the original transmission to us without making a copy.

LAW OFFICES OF
LENIHAN GRADY & STEELE
THE DENISON HOUSE
6 CANAL STREET
P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

F. THOMAS LENIHAN
(1939-2003)
THOMAS J. GRADY*
MARGARET L. STEELE*

MICHELLE A. BUCK*
MATTHEW J. CORCORAN*

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED TO PRACTICE IN RI AND CT

***Via Facsimile***
May 2, 2005

Joseph Palumbo, Esq.
194 Valley Road
Middletown, RI 02842

***Re: Jason York and Maureen York v. Day Transfer Co., et al.***
***C.A. No. 04-551S***

Dear Mr. Palumbo:

York's Answers to Interrogatories and Request for Production were due on April 27, 2005. We have not received anything yet. If we don't receive them within 10 days from receipt of this letter than we will file a Motion to Compel.

Very truly yours,

***LENIHAN, GRADY & STEELE***

Thomas J. Grady, Esq.

TJG/rcc