UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **JASON YORK and MAUREEN YORK**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**DAY TRANSFER COMPANY, APOLLO VAN LINES, INC., and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.**<br><br>**Defendants** | } | **CA No. 04-551S** |

**PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs move to file a second amended complaint in the form annexed hereto for the reasons set forth in the memorandum filed herewith.

By their attorney,

**Joseph R. Palumbo, Jr., #0405**
294 Valley Road
Middletown, Rhode Island 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net

## CERTIFICATE OF SERVICE

I, **Joseph R. Palumbo, Jr**., hereby certify that I caused to be mailed, postage pre-paid on the 24th day of **June, 2005,** a copy of the foregoing **Motion to File Amended Complaint** to **Daniel S. Crocker, Esquire**, Partridge Snow & Hahn LLP, 180 South Main Street, Providence, Rhode Island 02903, **Thomas C. Plunkett, Esquire**, Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, Rhode Island 02903, and **Thomas Grady, Esquire**, Lenihan, Grady & Steele, 6 Canal Street, P.O. Box 541, Westerly, Rhode Island 02891, and **Apollo Van Lines**, 7120 80th Street, Glendale, New York 11835, **Sarah L. Fifield, Esquire,** Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, New York 10004-2382, **James P. Marusak, Esquire**, Gidley, Sarli & Marusak, LLP, One Turks Head Place, Suite 900, Providence, Rhode Island 02903, **George W. Wright, Esquire**, George W. Wright & Associates, LLC, 401 Hackensack Avenue, 7th Floor, Hackensack, New Jersey 07601.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JASON YORK and<br>MAUREEN YORK**<br><br>**Plaintiff**<br>**v.**<br><br>**DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC., and<br>ANDREWS EXPRESS &<br>STORAGE WAREHOUSE, INC.**<br><br>**Defendant**<br><br>**v.**<br><br>**WILLIAMS MOVING COMPANY**<br><br>**Third Party Defendant** | } | **CA No. 04-551S** |

FILED JUN 27 2005 U.S. DISTRICT COURT DISTRICT OF R.I.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs have moved to further amend their complaint by (a) adding claims against all currently named defendants and (b) asserting direct claims against third party defendant Williams Moving Company.

**1. Additional claims against Day Transfer Moving & Storage Co. ("Day Transfer")[1]**

In its papers filed with the Court, Day Transfer states that it was not involved in the actual transport of the plaintiffs' household goods. Rather, according to Day Transfer, while it issued it bill of lading for the shipment, it engaged the services of Williams Moving Company to hire various third parties to pack the plaintiffs' goods (Lonestar Relocation Services), transport the plaintiffs' goods (Apollo Van Lines) and store the plaintiffs' goods in Newport (Andrews Express & Storage).

Thus, the nature of what Day Transfer did sounds like brokerage services, i.e. it brokered out its responsibility to Williams Moving Company under a fee sharing arrangement (See, e.g. Day Transfer's Pre-Trial Statement).

A number of courts have ruled that a broker's liability is not governed by the Carmack Amendment and that a broker may be liable under state law claims for negligence.

For example, in *Custom Cartage, Inc. v. Motorola*, 1999 U.S. Dist. LEXIS 1684, the United States District Court for the Northern District of Illinois (Eastern Division), discussed the scope of the preemption of the Carmack Amendment. The district court stated:

> The Carmack Amendment is silent on the issue of broker liability. This does not mean that the Carmack Amendment grants entities which arrange for the transportation of goods absolute immunity for breach of contract or tort actions arising out of the interstate shipment of goods. Various courts have implicitly

---

[1] Day Transfer in its papers filed with the Court has indicated that plaintiffs misnamed said defendant as "Day Transfer Company". The correct name of this defendant according to the Missouri secretary of state's office is Day Transfer Moving & Storage Co. This correction is made in the proposed amended complaint.

> recognized that brokers may still be liable on various causes of action outside of the Carmack Amendment. See Byrton v. Dairy Products, Inc. v. Harborside Refrigerated Services, Inc., 991 F. Supp. 977 (N.D. Ill. 1997) (Hart, J.) (awarding breach of contract damages against defendant after determining the defendant merely arranged for the transportation of goods and was not a freight forwarder under the Carmack Amendment); Phoenix Assurance Co. v. Kmart Corp., 977 F.Supp. 319, 325 (D.N.J. 1997) ("a broker, if not negligent, is generally not liable for the value of goods lost [*9] in intestate commerce).

The court in Custom Cartage went on to hold that the Carmack Amendment does not prohibit common law negligence claims against brokers. The district court stated:

> The Carmack Amendment streamlines and simplifies suits against carriers and freight forwarders. It does not exempt brokers from paying for their own negligence or prevent them from entering into contracts with shippers.

For these reasons, plaintiffs submit that their motion to add a separate claim against Day Transfer for liability as a broker should be granted.

**2. Additional claim against Apollo Van Lines, Inc. ("Apollo Van Lines") for inducement by misrepresentation (Count V of the proposed amended complaint).**

Defendant Apollo Van Lines has asserted in its papers that by writing the words "per GBL" on the Day Transfer bill of lading, plaintiffs thereby agreed to limit the amount of their recovery for damage or loss of their household goods to an artificially established value equal to $14,000.

Plaintiffs have moved to add a claim against Apollo Van Lines alleging that before the Yorks' shipment left their home in Texas for Rhode Island an Apollo employee told plaintiff Jason York to write the words "per GBL" on the bill of lading to signify the actual value of the plaintiffs' household goods, and, that the plaintiffs thereby

understood that they could recover the full value of their household goods in the event of damage or loss.

To the extent such phrase is construed as having the limiting effect advocated by the defendants, the Yorks seek damages from Apollo Van Lines because they were induced to write these words on the bill of lading by Apollo's misrepresentation of the significance of the words which were written on the bill of lading.

The Restatement declares:

> (1) that if a misrepresentation as to the character or essential terms of the proposed contract induces conduct that appears to be a manifestation of assent by one who neither knows nor has reasonable opportunity to know of the character or essential terms of the proposed contract, his conduct is not effective as a manifestation of assent and (2) that a misrepresentation induces a party's manifestation of assent of it substantially contributes to his decision to manifest his assent. 17A Am Jur 2d CONTRACTS §233, citing Restatement, contracts §163, 167.

Thus, to the extent the plaintiffs' manifestation of assent to a grossly limited amount of recovery for the loss of all their household goods and belongings due to the negligence of one or more of the defendants was induced by Apollo's misrepresentation, the plaintiffs should be able to pursue a claim against Apollo for their damages suffered thereby.

**3. Claim Against Andrews Express & Storage Warehouse, Inc. ("Andrews Express & Storage") for negligence in causing plaintiffs' insurance to be voided (Count IX of proposed amended complaint).**

Plaintiffs procured an insurance policy from USAA Insurance Company insuring their household goods for the full value if damaged or lost during moving and storage. Under the policy, however, damage or loss due to mildew and mold was excluded, which is a standard exception in such policies of insurance.

The loss of substantially all of the Yorks' household goods was caused by mold resulting from a severely leaking roof in the Andrews Express & Storage Warehouse where the goods were stored for two months between June 16, 2004 and August 16, 2004.

Plaintiffs' proposed new claim asserts that it was reasonably foreseeable to Andrews Express & Storage that plaintiffs would procure such insurance coverage, given the severely low artificial limit of the amount of recovery under the Carmack Amendment, and, given Andrews Express & Storage's many years of experience providing transportation and storage services. Furthermore plaintiffs contend that Andrews Express & Storage should have known of the mold exclusion in any such policy. Plaintiffs seek to recover against Andrews Express & Storage to the extent their loss is not fully recoverable under their other claims but would have been covered under the insurance policy they procured.

A defendant may reasonably be held bound to provide against what, from usual experience, is likely to happen. *Mercurio v. Burrillville Racing Ass'n*, 187 A.2d 655, 95 R.I. 417 (1963). The linchpin in determining the existence of any duty owed to a plaintiff

is the foreseeability of the risk of the claimed injury to them by a defendant's actions. liability would arise under the proposed new claim if it was foreseeable to Andrews that (a) plaintiffs would have an insurance policy and (b) that such policy would have a mold damage exclusion.

In any event, these are questions for a fact finder to decide. Clearly, the claim itself is one that plaintiffs should be allowed to make.

**4. Claim against Williams Moving Company for broker liability (Count XI of proposed amended complaint.**

According to the pre-trial statement of defendant Day Transfer Company, Williams Moving Company was "the broker for the Yorks' shipment" and "undertook to secure the foregoing transportation services." In addition, the allegations contained in paragraphs 2 and 3 of Day Transfer's Third-Party Complaint alleging that Williams Moving Company brokered transportation and storage services with respect to plaintiffs' household goods are admitted by Williams Moving Company.

As discussed above, broker liability is not governed by the Carmack Amendment. Therefore, the plaintiffs should be permitted to make this claim against Williams Moving Company.

By their attorney,

**Joseph R. Palumbo, Jr., #0405**
294 Valley Road
Middletown, Rhode Island 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net

**CERTIFICATE OF SERVICE**

I, **Joseph R. Palumbo, Jr**., hereby certify that I caused to be mailed, postage pre-paid on the 24th day of **June, 2005,** a copy of the foregoing **Motion to File Amended Complaint** to **Daniel S. Crocker, Esquire**, Partridge Snow & Hahn LLP, 180 South Main Street, Providence, Rhode Island 02903, **Thomas C. Plunkett, Esquire**, Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, Rhode Island 02903, and **Thomas Grady, Esquire**, Lenihan, Grady & Steele, 6 Canal Street, P.O. Box 541, Westerly, Rhode Island 02891, **Sarah L. Fifield, Esquire,** Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, New York 10004-2382, **James P. Marusak, Esquire**, Gidley, Sarli & Marusak, LLP, One Turks Head Place, Suite 900, Providence, Rhode Island 02903, **George W. Wright, Esquire**, George W. Wright & Associates, LLC, 401 Hackensack Avenue, 7th Floor, Hackensack, New Jersey 07601.