**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JASON YORK and MAUREEN YORK** | } | |
| **Plaintiffs** | } | |
| **v.** | } | **CA No. 04-551S** |
| **DAY TRANSFER MOVING & STORAGE CO., APOLLO VAN LINES, INC., ANDREWS EXPRESS & STORAGE WAREHOUSE, INC., and WILLIAMS MOVING COMPANY** | } | |
| **Defendants** | } | |
| **v.** | } | |
| **WILLIAMS MOVING COMPANY** | } | |
| **Third Party Defendant** | } | |

## SECOND AMENDED COMPLAINT

### Allegations Common To All Counts

1. Plaintiffs Jason York and Maureen York (the "Yorks") currently reside in Montgomery, Alabama.

2. In or about February, 2004 plaintiff Jason York, a Major in the United States Marine Corps., received orders of a permanent change of station from San Antonio, Texas to the Naval War College in Newport, Rhode Island. Thereupon, the Yorks began to make arrangements to move all of their household goods and possessions to Rhode Island.

3. The Yorks located housing for themselves and their minor children at 505 Wolcott Avenue, Middletown, Rhode Island and on or about March 3, 2004 signed a lease of said premises for the period September 2004 through June 30, 2005, with an agreed actual move-in date of August 16, 2004.

4. Defendant Day Transfer Moving & Storage Co. ("Day Transfer") is a Missouri corporation conducting business in interstate commerce and providing transportation services within the meaning of the ICC Termination Act, so-called.

5. Day Transfer was engaged to provide services with respect to the transportation of the Yorks' household goods and belongings to Newport, Rhode Island and issued its bill of lading, as carrier, in connection therewith.

6. On information and belief, Day Transfer contracted with defendant Williams Moving Company ("Williams Moving") to arrange for the third party transportation services, and, Williams Moving hired Lonestar Relocation Service of San Antonio, Texas ("Lonestar") to pack the Yorks' household goods and possessions at their former Texas residence, and, Williams Moving hired defendant Apollo Van Lines, Inc. ("Apollo Van Lines") to deliver the same to Newport, Rhode Island.

7. Apollo delivered the Yorks' goods and possessions from Texas to a warehouse owned by the defendant Andrews Express & Storage Warehouse, Inc. ("Andrews Express and Storage"), arriving on or about

June 16, 2004, whereupon Andrews Express & Storage accepted possession of same, and, agreed to store the Yorks' household goods and possessions until the Yorks could move into their 505 Wolcott Avenue residence and to deliver the Yorks' household goods and possessions to the Yorks' Wolcott Avenue residence at such time.

8. On or about August 16, 2004 the Yorks' household goods and possessions were moved from Andrews Express & Storage's warehouse in Newport, Rhode Island to the 505 Wolcott Avenue residence.

9. During the course of the delivery of said items into the residence at 505 Wolcott Avenue on August 16, 2004, plaintiff Maureen York discovered for the first time the presence of mildew, mold, and water damage on substantially all of the Yorks' goods and possessions. The Andrews Express & Storage employees who delivered the shipment to the 505 Wolcott Avenue residence informed Mrs. York that the items were damaged when they picked them up at Andrews Express & Storage due to the poor condition of the warehouse where they were stored, including a leaking roof.

10. The Yorks arranged to have their household goods and possessions inspected by an expert for the presence of mold, and, as a result of said inspection the Yorks were informed that due to the existence of mold and mildew damage, much of their household goods and possessions, which included family heirlooms and memorabilia, were damaged beyond repair.

11. The Yorks were also informed that as a result of the placement of the mold infested items inside the dwelling at 505 Wolcott Avenue, the dwelling was contaminated with mold as well and presented a health hazard for the Yorks and their children, and the mold contamination in the house had to be remediated before the Yorks could live there.

12. The Yorks attempted to resolve the situation with Andrews Express & Storage, Day Transfer, and Williams Moving however, none of Said defendants took any action to correct the problem for over two weeks until Major York was forced to involve his military chain of command and whatever influence it might wield.

13. As a result of the inhabitability of their 505 Wolcott Avenue residence and the failure of Day Transfer, Williams Moving, and Andrews Express & Storage to act responsibly in remediating the damage caused to the interior of said dwelling, the Yorks and their children were forced to live in series of hotels, and, eventually move into government housing.

**COUNT I – Day Transfer & Storage Co. (Claim Under Carmack Amendment)**

14. The plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-13 above as though fully set forth herein.

15. Defendant Day Transfer, by agreeing to provide transportation services for the Yorks' household goods and possessions from their former residence in Texas to Newport, Rhode Island, became responsible for the safe and secure delivery thereof, including but not limited to reasonably ensuring

that the Yorks' goods and possessions would be safely and suitably stored until delivery to their ultimate destination.

16. Day Transfer breached its duty owed to the Yorks and is liable to the Yorks for all damages allowable under the Carmack Amendment to the Interstate Commerce Act.

17. As a direct and proximate result of Day Transfer's breach of duty owed to the Yorks, as aforesaid, the Yorks suffered severe financial losses and other damages, including but not limited to the loss of substantially all of their household goods and possessions.

WHEREFORE, plaintiffs demand Judgment against defendant Day Transfer & Storage Co. for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

**Count II – Day Transfer & Storage Co. (Negligence)**

18. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 above as though fully set forth herein.

19. Separate and distinct from its contract with the Yorks to safely and securely transport their goods and possessions from Texas to Rhode Island, defendant Day Transfer undertook the responsibility to remediate the damage caused to the interior of the dwelling at 505 Wolcott Avenue to make it habitable, and, to remediate the damage to such of the Yorks' goods and possessions which were salvageable including priceless family heirlooms and memorabilia.

20. Day Transfer negligently undertook its remediation responsibility and as a result the Yorks were damaged, including but not limited to (a) the loss of substantially all of their household goods and possessions, including priceless family heirlooms and memorabilia, (b) the incurrence of expenses for lodging and meals and associated incidental costs, (c) the forced abandonment of the 505 Wolcott Avenue residence while still incurring the rental and utility payments under the terms of the lease, (d) the loss of their monthly housing allowance, which, because it exceeded the actual monthly rent payable at 505 Wolcott Avenue, represented a loss of income, (e) physical and emotional pain and suffering, and (f) damage to Major York's military career on account of being forced to extend his tour of duty at the Naval War College in order to attend to the Day Transfer's failure to act in a reasonably prudent manner with respect to the handing of its remediation responsibilities.

WHEREFORE, plaintiffs demand Judgment against defendant Day Transfer & Storage Co. for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

**COUNT III- Day Transfer & Storage Co. (Broker Liability)**

21. The plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-13 above as though fully set forth herein.

22. On information and belief, Day Transfer engaged the services of Williams Moving to in turn hire the services of various third parties to provide

services with respect to the transportation of the Yorks' household goods and possessions from Texas to Rhode Island.

23. In doing so, Day Transfer acted as a broker with respect to the transportation of the Yorks' household goods and possessions.

24. Day Transfer was negligent in the performance of its brokerage services in that, among other things, it failed to reasonably ensure that the Yorks' goods and possessions would be stored in transit in a suitable storage facility.

25. As a direct and proximate result of Day Transfer's negligence, the Yorks suffered severe financial losses and other damages, including but not limited to the loss of substantially all of their household goods and possessions.

**COUNT IV -Apollo Van Lines, Inc. (Claim Under Carmack Amendment)**

26. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 above as though fully set forth herein.

27. Defendant Apollo Van Lines by agreeing to deliver the Yorks' goods and possessions from San Antonio, Texas to their new residence in Rhode Island, became responsible for the safe delivery thereof, including but not limited to reasonably ensuring that the Yorks' goods and possessions were delivered to a facility which was safe and suitable for storage of said items.

28. Apollo Van Lines breached its duty owed to the Yorks, as aforesaid and is liable to the Yorks for all damages allowable under the Carmack Amendment to the Interstate Commerce Act, 49 U.S C. Section 11707, et seq.

29. As a direct and proximate result of Apollo Van Lines' breach of duty owed to the Yorks, as aforesaid, the Yorks suffered severe financial losses and other damages, including but not limited to the loss of substantially all of their household goods and possessions.

WHEREFORE, plaintiffs demand Judgment against defendant Apollo Van Lines, Inc. for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

**COUNT V – Apollo Van Lines, Inc. (Claim for Inducement By Misrepresentation)**

30. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 above as though fully set forth herein.

31. Prior to the time the Yorks' household goods and possessions left their former residence in Texas, an employee of Apollo Van Lines told plaintiff Jason York to write the phrase "per GBL" on the Day Transfer bill of lading to signify the actual value of the Yorks' goods and possessions.

32. Based on said representation, plaintiff Jason York wrote "per GBL" on the bill of lading, understanding that it signified the full value of the Yorks' goods and possessions and not that it placed some artificial value

on the amount the Yorks' could recover in the event of damage to or loss of their household goods and possessions.

33. To the extent defendants contend and it is construed that by writing "per GBL" on the Day transfer bill of lading, plaintiff Jason York signified the plaintiffs' agreement to a limitation of recovery in the event of the damage to or loss of their household goods and possessions to something less than the full depreciated value thereof, plaintiffs aver that plaintiff Jason York was induced to write those words by the misrepresentation of Apollo Van Lines' employee.

34. To the extent such phrase is construed as limiting the amount of the Yorks' recovery for the loss of their household goods and possessions to less than its full depreciated value, Apollo is liable to the Yorks for the damages suffered thereby.

WHEREFORE, plaintiffs demand Judgment against defendant Apollo Van Lines, Inc. for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

**COUNT VI – Andrews Express & Storage Warehouse, Inc. (Claim Under Carmack Amendment)**

35. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 above as though fully set forth herein.

36. Defendant Andrews Express & Storage by agreeing to deliver the Yorks' goods and possessions to their new residence within Rhode Island, became responsible for the safe delivery thereof.

37. Andrews Express & Storage breached its duty owed to the Yorks, as aforesaid and is liable to the Yorks for all damages allowable under the Carmack Amendment to the Interstate Commerce Act, 49 U.C.S. Section 11707, et seq.

38. As a direct and proximate result of Andrews Express & Storage's breach of duty owed to the Yorks, as aforesaid, the Yorks suffered severe financial losses and other damages, including but not limited to the loss of substantially all of their household goods and possessions.

WHEREFORE, plaintiffs demand Judgment against defendant Andrews Express & Storage for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

**Count VII - Andrews Express & Storage Warehouse, Inc. (Claim for Negligence As Bailee)**

39. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 above as though fully set forth herein.

40. Defendant Andrews Express & Storage, by agreeing to store the Yorks' household goods and possessions in its facility, expressly or impliedly became a bailee thereof, and was responsible to exercise due care to see to it that said goods and possessions would be stored safely and

suitably and not be exposed to injury, loss, or damage.

41. Defendant Andrews Express & Storage breached its duty owed to the Yorks, as aforesaid.

42. As a direct and proximate result of Andrews Express & Storage's breach of duty owed to the Yorks, as aforesaid, the Yorks suffered severe financial losses and other damages, including but not limited to (a) the loss of substantially all of their household goods and possessions, (b) the incurrence of expenses for lodging and meals and associated incidental costs, (c) the forced abandonment of the 505 Wolcott Avenue residence while still incurring the rental and utility payments under the terms of their lease, (d) the loss of their monthly housing allowance, which, because it exceeded the actual monthly rent payable at 505 Wolcott Avenue, represented a loss of income, (e) physical and emotional pain and suffering, and (f) damage to Major York's military career on account of being forced to extend his tour of duty at the Naval War College in order to attend to the Yorks' losses and damage.

WHEREFORE, plaintiffs demand Judgment against defendant Andrews Express & Storage Warehouse, Inc. for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

**COUNT VIII - Andrews Express & Storage Warehouse, Inc.**
**(Claim for Negligence In Making Dwelling Uninhabitable)**

43. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 above.

44. Andrews Express & Storage knew or should have known the mold infested condition of the Yorks' household goods and possessions when they delivered the same from Newport, Rhode Island to their dwelling at 505 Wolcott Avenue in Middletown, Rhode Island.

45. Andrews Express & Storage negligently placed mold infested articles in said dwelling and thereby rendered the same uninhabitable for occupancy by the Yorks.

46. As a result, the Yorks incurred damages, including but not limited to (a) the forced abandonment of the 505 Wolcott Avenue residence while still incurring the rental and utility payments under the terms of the lease, (b) the incurrence of expenses for lodging and meals and associated incidental costs, (c) the loss of their monthly housing allowance, which, because it exceeded the actual monthly rent payable at 505 Wolcott Avenue, represented a loss of income, and, (b) physical and emotional pain and suffering.

WHEREFORE, plaintiffs demand Judgment against Andrews Express & Storage Warehouse, Inc. for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

**COUNT IX- Andrews Express & Warehouse, Inc. (Claim for Negligence In Voiding Plaintiffs' Insurance Coverage)**

47. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 above.

48. Prior to the shipment of their household goods and possessions, the Yorks procured an insurance policy for damage or loss to same during moving and storage.

49. Under said insurance policy, coverage was expressly excluded for loss or damage due to mildew and mold during moving and storage.

50. On information and belief, exclusion from coverage for damage or loss due to mildew and mold is a standard exception in such policies of insurance.

51. On information and belief, Andrews Express has been in the business of providing transportation and storage services for the interstate shipment of household goods under the Carmack Amendment for many years.

52. It was reasonably foreseeable to Andrews Express & Storage that, given the artificial limitations under the Carmack Amendment on the amount of recovery for loss or damage to household goods during interstate shipment including storage in transit, the Yorks would procure an insurance policy to cover their household goods for the full depreciated value in the event of damage or loss during shipment.

53. Andrews Express & Storage knew or should have known that any such policy would exclude from coverage damage or loss due to mildew and mold.

54. Andrews Express & Storage negligently caused the Yorks' household goods to be damaged and lost due to the presence of mildew and mold in its warehouse facility, resulting from the wet conditions thereof which were known or should have been known to Andrews Express & Storage.

55. As a direct and proximate result of the negligence of Andrews Express & Storage, the Yorks suffered the loss of their insurance coverage on their household goods.

WHEREFORE, plaintiffs demand Judgment against defendant Andrews Express & Storage Warehouse, Inc. for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

**COUNT XI – Williams Moving Company**
**(Claim for Common Law Negligence as Broker)**

56. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 above.

57. On information and belief, defendant Williams Moving Company was at all times relevant hereto acting as a broker for the transportation of the Yorks' household goods and possessions from Texas to Rhode Island and with regard to the failed attempt to remediate certain of the Yorks'

household goods and possessions and of the 505 Wolcott Avenue residence subsequent to the delivery of same to said premises.

58. Defendant Williams Moving Company was negligent in its performance of said brokerage services, including but not limited to its arrangement to have the plaintiffs' goods and possessions stored at a facility while in transit, its failure to procure competent professionals to remediate said premises and plaintiffs' goods and possession, and its failure to diligently attend to the remediation undertaking.

59. As a direct and proximate result of defendant Williams Moving Company's negligence, the Yorks suffered severe financial losses and other damages, including but not limited to (a) the loss of substantially all of their household goods and possessions, (b) the incurrence of expenses for lodging and meals and associated incidental costs, (c) the forced abandonment of the 505 Wolcott Avenue residence while still incurring the rental and utility payments under the terms of their lease, (d) the loss of their monthly housing allowance, which, because it exceeded the actual monthly rent payable at 505 Wolcott Avenue, represented a loss of income, (e) physical and emotional pain and suffering, and (f) damage to Major York's military career on account of being forced to extend his tour of duty at the Naval War College in order to attend to the Yorks' losses and damage.

WHEREFORE, plaintiffs demand Judgment against defendant Williams Moving Company for compensatory damages in a sum at least sufficient to invoke the jurisdiction of this Honorable Court, plus interest and costs.

By their Attorney,

______________________________

**Joseph R. Palumbo, Jr., #0405**
294 Valley Road
Middletown, RI 02842
(401) 846-5200

PLAINTIFFS CLAIM A TRIAL BY JURY.

**CERTIFICATE OF SERVICE**

I, **Joseph R. Palumbo, Jr**., hereby certify that I caused to be mailed, postage pre-paid on the ___ day of **June, 2005,** a copy of the foregoing **Second Amended Complaint** to **Daniel S. Crocker, Esquire**, Partridge Snow & Hahn LLP, 180 South Main Street, Providence, Rhode Island 02903, **Thomas C. Plunkett, Esquire**, Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, Rhode Island 02903, and **Thomas Grady, Esquire**, Lenihan, Grady & Steele, 6 Canal Street, P.O. Box 541, Westerly, Rhode Island 02891, **Sarah L. Fifield, Esquire,** Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, New York 10004-2382, to **George W. Wright, Esquire,** 401 Hackensack avenue, Hackensack, New Jersey 07601, and **James P. Marusak, Esquire,** Gidley, Sarli & Marusak, One Turks Head Place, Suite 900, Providence, RI 02903.

______________________________