UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |
| v. | : | |
| WILLIAMS MOVING COMPANY | : | |

***MOTION FOR EXTENSION OF TIME TO FILE OBJECTION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT***

Pursuant to Local Rule 12(b), the Defendant Apollo Van Lines, Inc. moves for an extension of time to file an objection to the Plaintiff's Motion to File Second Amended Complaint. Apollo moves for an extension of time of twenty days allowing for an objection to be filed on or before July 27, 2005. This Motion was received by Apollo on June 27, 2005. An objection to this motion would otherwise be due on July 7, 2005 pursuant to Local Rule 12(b). Counsel for Apollo has spoken to counsel for the Plaintiff and he does not object to this extension of time.

Local Rule 12(b) states that "For good cause, the court may extend the time to serve and file a response to a motion . . ." In this case, there is good cause for the court to extend the period of time within which to permit Apollo to respond to this motion.

The within case is a very complicated transportation law action which involves numerous parties. The Plaintiff is now attempting to submit additional allegations to its original complaint.

Fed.R.Civ.P. 15(a) provides that a party can only amend its complaint by "leave of court

or by written consent of the adverse party." Whether a party will be granted leave to amend by the court depends upon the weighing of several factors, which would indicate that the granting of leave to amend would be inappropriate. See Jackson v. Rockford Housing Authority, 213 F.3d 389 (7th Cir. 2000); Lowrey v. Texas A & M University System, 117 F.3d 242 (5th Cir. 1997); DCD Programs, Ltd., 833 F.2d 183, 186 (9th Cir. 1987). Leave to amend will be denied when an amendment would create an unfair prejudice to another party. See Kenda Corp. v. Pot O' Gold Money Leagues, Inc., 329 F.3d 216, 232 (1st Cir. 2003).

Given the complicated allegations involved in this action, the complexity of the transportation laws at issue, and the number of parties involved in this litigation, the court has good cause to grant this extension of time to allow for proper analysis of whether Apollo would be prejudiced by the Plaintiff's amendment of its complaint at this point in time.

In addition, counsel for the Defendant, Apollo Van Lines, Inc., Thomas J. Grady will be out of the country from July 8, 2005 through July 19, 2005.

The Defendant Apollo hereby moves this court to grant it an extension of time to object to the Plaintiff's Motion to File Second Complaint to July 27, 2005.

Apollo Van Lines, Inc.
By its Attorney:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 30 day of ~~July~~ June 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842, **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382; **James P. Marusak, Esq**., Gidley, Sarli & Marusak, LLP, One Turks Head place, Suite 900, Providence, RI 02903 and **George W. Wright**, **Esq**. George W. Wright & Associates, LLC, Continental Plaza, 401 Hackensack Avenue, 7th Floor, Hackensack, NJ 07601.