UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and MAUREEN YORK | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC. | : | |
| v. | : | |
| WILLIAMS MOVING COMPANY | : | |

***OBJECTION OF DEFENDANT APOLLO VAN LINES, INC. TO PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT***

Now comes the Defendant, Apollo Van Lines, Inc. and files its Objection to the Plaintiff's Motion to File Second Amended Complaint upon grounds setforth in a Memorandum of Law, which is attached hereto made a part hereof and incorporated in by reference.

Apollo Van Lines, Inc.
By its Attorney:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 8th day of July 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842, **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382; **James P. Marusak, Esq**., Gidley, Sarli & Marusak, LLP, One Turks Head place, Suite 900, Providence, RI 02903 and **George W. Wright**, **Esq**. George W. Wright & Associates, LLC, Continental Plaza, 401 Hackensack Avenue, 7th Floor, Hackensack, NJ 07601.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |
| v. | : | |
| WILLIAMS MOVING COMPANY | : | |

***MEMORANDUM OF LAW IN SUPPORT OF APOLLO VAN LINES, INC. OBJECTION TO PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT***

Now comes the Defendant, Apollo Van Lines, Inc. in the above-entitled matter and files this its Memorandum of Law in Support of its Objection to the Plaintiffs' Motion to File a Second Amended Complaint as hereinafter setforth. In Plaintiff's attempt to circumvent the statutory limitations imposed by the Carmack Amendment relative to claims for damages Plaintiff has introduced into the Second Amended Complaint a new Count Five against Apollo Van Lines, Inc. based upon a "claim for inducement by misrepresentation".

Rule 15 of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). A court should deny leave to amend, however, if the proposed amendment would be futile. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). When leave to amend is sought prior to the completion of discovery and the filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under 12(b)(6). Hatch v. Dept. of Children, Youth and Their Families, 274 F.3d, 19 (1st Cir. 2001).

In order to survive a Rule 12(b)(6) motion, the pleader must allege facts, either directly or inferent rally that satisfy each element for a recovery under some actionable legal theory. See Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).

In support of the Plaintiff's "claim for inducement by misrepresentation" the Plaintiff alleged new content paragraphs numbered 31, 32, 33 and 34, which state as follows:

"31. Prior to the time the Yorks' household goods and possessions left their former resident in Texas, an employee of Apollo Van Lines told plaintiff Jason York to write the phrase "per GBL" on the Day Transfer bill of lading to signify the actual value of the Yorks' goods and possessions."

"32. Based on said representation, plaintiff Jason York wrote "per GBL" on the bill of lading, understanding that it signified the full value of the Yorks' goods and possessions and not that it placed some artificial value on the amount the Yorks' could recover in the event of damage to or loss to their household goods and possessions."

"33. To the extent defendants contend and it is construed that by writing "per GBL" on the Day Transfer bill of lading, plaintiff Jason York signified the plaintiffs' agreement to a limitation of recovery in the event of the damage to or loss of their household goods and possessions to something less than the full depreciated value thereof, plaintiffs aver that plaintiff Jason York was induced to write those words by the misrepresentation of Apollo Van Lines' employee."

"34. To the extent such phrase is construed as limiting the amount of the Yorks' recovery for the loss of their household goods and possessions to less than its full depreciated value, Apollo is liable to the Yorks for the damages suffered thereby."

For reasons stated below, we maintain that there is no legal or factual basis for plaintiffs' claim for inducement by misrepresentation alleged against Apollo Van Lines because the GBL is the contact of carriage which by its terms limits carrier liability to $1.25 per pound times the weight of the shipment; there was no misrepresentation as to this liability limitation; plaintiffs had the option of obtaining full replacement coverage, but elected not to do so; and as a matter of law plaintiffs could not have obtained full replacement coverage by annotation of the Day Transfer bill of lading which is not a contractual document for plaintiffs' shipment.

## I. THE GOVERNMENT BILL OF LADING FOR PLAINTIFFS' SHIPMENT LIMITS THE CARRIER LIABILITY FOR LOSS OR DAMAGE TO $1.25 PER POUND TIMES THE WEIGHT OF THE SHIPMENT.

The contract of carriage for plaintiffs' shipment is Government Bill of Lading (GBL) No. ZY-711237 (Exhibit A) to which the United States military and Day Transfer Company are the parties. See Baggett Trans. Co. v. United States, 23 Cl. Ct. 263, 265 (1991), aff'd 969 F.2d 1028 (Fed.Cir.1992). The plaintiffs are not parties to this GBL contract.

Block 31 of the GBL incorporates by reference Domestic Personal Property Rate Solicitation D-8 issued by the Military Traffic Management Command (MTMC), now the Surface Deployment and Distribution Command. Item 306 of solicitation D-8 (Exhibit B) limits the contractual carrier liability for loss and damage to plaintiffs' shipment to $1.25 per pound times the net weight of the shipment (in pounds) unless a different valuation is otherwise stated on the GBL. There is no higher valuation stated on the GBL for plaintiffs' shipment. The liability limitation of $1.25 per pound times the weight of the shipment as incorporated in the GBL is binding on plaintiffs. United States Automobile Association v. Paul Arpin Van Lines, Inc., 652 F.2d 198 (1st. Cir. 1981); Howe v. Allied Van Lines, Inc., 622 F.2d 1147 (3d Cir.

1980). As matter of law, the plaintiffs have no legal right to recover more than $1.25 per pound times the weight of their shipment for loss or damage to their household goods.

## II. PLAINTIFFS DID NOT CONTRACT FOR REPLACEMENT VALUE COVERAGE UNDER THE GBL AS PROVIDED IN MILITARY SOLICITATION D-8, ITEM 416.

Plaintiffs had the right at the time of arrangement of their shipment to contract for full replacement coverage as provided in Item 416 of Domestic Rate Solicitation D-8 (Exhibit C), but they did not elect to do so and thus waived their option to elect full protection coverage for loss or damage to their shipment. Item 416 provides:

"a. When full replacement protection is ordered in writing on the BL, the carrier shall guarantee either replacement of articles lost or damaged while in carrier's custody, reimbursement for full replacement cost, or satisfactory repairs.

b. Full replacement protection shall be provided by carrier only if shipment is declared at a minimum lump sum of $21,000.00 or $3.50 for each pound of weight in the shipment, whichever is greater.

c. Full replacement protection must be ordered at time of offering shipment to the carrier and so noted on original BL. Corrected BLs to add full replacement protection are not authorized, unless mutually agreed upon by both the PPSO and the carrier, and the carrier has not packed or picked up the shipment.

****

Exception 2:

- (152A) In lieu of rates in Item 416, plaintiffs had the option to obtain full replacement protection provided by the carrier shall be 85 cents for each $100.00 or fraction thereof, of released or declared value (the additional valuation charge for SIT shall apply)."

As provided in Items 416, plaintiffs had the option to obtain full replacement protection coverage for their shipment by payment of the valuation charge of $.85 for each hundred of dollars declared value. Service members, such as plaintiffs, are well aware of the right to obtain full replacement protection coverage. All service members prior to their moves are counseled by

experienced military managers as to their rights in shipping their household goods at government expense and are offered the right to obtain full replacement coverage. The plaintiffs elected not to do so.

III. AS A MATTER OF LAW, PLAINTIFF DID NOT HAVE A RIGHT TO INCREASE THE $1.25 PER POUND VALUATION SPECIFIED IN THE GBL CONTRACT BY ANNOTATION OF THE DAY TRANSFER BILL OF LADING.

As shown above, GBL is the contract of carriage for plaintiffs' shipment which incorporates the terms of Domestic Rate Solicitation D-8 which provides for carrier liability at $1.25 per pound. The Day Transfer bill of lading is an internal document of that carrier which served solely as a receipt for the shipment when signed by Major York at the time of the pick-up. The Day Transfer bill of lading does not modify any terms of the GBL contract between the government and Day Transfer to which plaintiffs are not parties.

Since the GBL and not the Day bill of lading is the contract of carriage for plaintiffs' shipment, as a matter of law, Major York did not have the option to increase the valuation of the shipment above $1.25 per pound by inserting a higher valuation on the Day Transfer bill of lading. Such an annotation would have been a legal nullity. The annotation "per GBL" in the valuation block of the Day Transfer bill of lading states the proper valuation as established by the GBL contract.

CONCLUSION

For the above stated reasons, we maintain that plaintiffs' allegations in Count V of its Second Amended Complaint fail to state a cause of action on which relief may be granted against Apollo Van Lines, Inc. and, therefore, we respectfully request that the Court's deny plaintiffs' motion for leave to amend its complaint to add this Count V against Apollo Van Lines, Inc.

Apollo Van Lines, Inc.
By its Attorney:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 8th day of July 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842, **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382; **James P. Marusak, Esq**., Gidley, Sarli & Marusak, LLP, One Turks Head place, Suite 900, Providence, RI 02903 and **George W. Wright, Esq**. George W. Wright & Associates, LLC, Continental Plaza, 401 Hackensack Avenue, 7th Floor, Hackensack, NJ 07601.