UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and MAUREEN YORK | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC. | : | |
| v. | : | |
| WILLIAMS MOVING COMPANY | : | |

***APOLLO VAN LINES, INC.'S MOTION TO COMPEL WILLIAMS MOVING COMPANY TO ANSWER APOLLO'S FIRST SET OF INTERROGATORIES***

Pursuant to Fed.R.Civ.P. 37(a)(2)(B) co-defendant Apollo Van Lines, Inc. hereby moves this Court to compel Williams Moving to answer Apollo Van Lines, Inc.'s First Set of Interrogatories, which were served upon it on May 19, 2005. See Exhibit 1.

FACTS AND TRAVEL

On May 19, 2005, counsel for Williams Moving was served with Apollo's First Set of Interrogatories. Its answers or responses were due on June 20, 2005 pursuant to Fed.R.Civ.P. 33(b)(3). On August 2, 2005, counsel for Apollo Van Lines, Inc. sent a letter to counsel for

Williams Moving in an attempt to resolve this discovery dispute without court intervention. See Exhibit 2. Counsel for Apollo requested a response by August 12, 2005. As of the current date, no response has been forthcoming. Apollo now has no recourse except to file this Motion to Compel. An Affidavit of Movant's Good Faith Efforts to Resolve this Discovery Dispute is enclosed. See Exhibit 3.

## LEGAL ANALYSIS

Fed.R.Civ.P. 37(a)(2)(B) provides, "If . . . a party fails to answer an interrogatory submitted under Rule 33. . . the party may move for an order compelling an answer."

As the facts above indicate, despite good faith efforts by Apollo, Williams has continued to fail to answer the interrogatories, which were served upon it on May 19, 2005. Apollo therefore moves this court to order Williams to answer the interrogatories which have been served upon it. In compliance with Fed.R.Civ.P. 37(a)(2)(B), Apollo counsel has submitted a certification that good faith efforts were made to resolve this discovery dispute.

Apollo hereby moves that this motion to compel be granted.

Defendant Apollo Van Lines, Inc.
By Their Attorney:

Thomas J. Grady, Esq.
Lenihan, Grady & Steele
Six Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 16th day of August 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842, **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382; **James P. Marusak, Esq**., Gidley, Sarli & Marusak, LLP, One Turks Head place, Suite 900, Providence, RI 02903 and **George W. Wright**, **Esq**. George W. Wright & Associates, LLC, Continental Plaza, 401 Hackensack Avenue, 7th Floor, Hackensack, NJ 07601.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |
| v. | : | |
| WILLIAMS MOVING COMPANY | : | |

***DEFENDANT, APOLLO VAN LINES, INC.'S FIRST SET OF INTERROGATORIES TO WILLIAMS MOVING***

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, APOLLO VAN LINES, INC. ("APOLLO") by its attorney, Lenihan, Grady & Steele, Inc., propounds the following Interrogatories to which Third Party Defendant WILLIAMS MOVING ("Williams") is required to respond under oath within thirty (30) days from the date of service hereof:

**DEFINITIONS AND INSTRUCTIONS**

1. "You" or "your" shall mean Third-Party Defendant, WILLIAMS MOVING, as well as, any person or persons answering these interrogatories on behalf of Third-Party Defendant as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

3. "Identify" (with respect to persons) shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need to be listed in response to subsequent discovery requesting the identification of that person.

4. "Identify" (with respect to documents) shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. The terms "plaintiff" and "defendant" mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. "Person" is defined as a natural person or any business, legal or governmental entity or association.

7. The following rules of construction apply to all Interrogatories:

"And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. a) If any answer to an interrogatory or portion thereof is withheld under a claim of privilege or immunity, the Third-Party Defendant shall set forth as to such answer or portion:

1) the nature of the claimed privilege or immunity; and

2) a brief description of the nature and subject matter of the answer or the portion withheld.

b) If the claimed privilege or immunity relates to or concerns a document, the person asserting such privilege or immunity shall set forth the following:

1) the type of document, e.g., letter or memorandum;

2) the general subject matter of the document;

3) the date of the document;

4) the name and address of each author of the document;

5) the name and address of each person to whom the document was addressed;

6) the name and address of each person to whom the document was sent; and

7) where not readily apparent, the relationship of the author, addressee(s) and any other recipient(s) to each other.

c) If the claimed privilege or immunity relates to or concerns an oral communication, the person asserting such privilege or immunity shall set forth the following:

1) the name and address of the person making the communication;

2) the name and address of each person present when the communication was made;

3) where not readily apparent, the relationship of each of the persons present to the person making the communication;

4) the date and place of the communication; and

5) the general subject matter of the communication.

10. If you answer any interrogatory by reference to records from which the answer may be derived or ascertained, you shall identify such documents or records.

11. Shipper, as used herein, shall mean Plaintiffs Jason & Maureen York.

## INTERROGATORIES

**Interrogatory No. 1**

State name and address of the person(s) who provided information answering these interrogatories.

**Interrogatory No. 2**

Identify all documents and other written materials which were prepared concerning any alleged agreement between you and the Plaintiff, including contracts of carriage, tariffs, bills of lading, receipts, invoices, statements or other evidence.

**Interrogatory No. 3**

Identify all persons who have any knowledge of any facts relating to this case, and each of the cargo claims identified in Plaintiff's Amended Complaint, including knowledge of the condition of the goods at the point of origin and at the point of destination.

**Interrogatory No. 4**

Identify all documents and other written materials relating to the services performed on plaintiffs' shipment including any documents relating to agreements between Williams Moving Company and Day Transfer Company, Apollo Van Lines, Inc. and Andrews Express & Storage Warehouse, Inc. or Lone Star Relocation Services, Inc. and any other documents of any kind, including but not limited to contracts of carriage, contracts for storage, bills of lading, receipts or invoices.

**Interrogatory No. 5**

Describe in detail Williams Moving Company's involvement in the transportation of plaintiffs' shipment as a carrier or otherwise specifying its relationship to plaintiffs, Day Transfer

Company, Apollo Van Lines, Inc., Andrews Express & Storage Warehouse, Inc. and/or Lone Star Relocation Services Inc.

**Interrogatory No. 6**

If you allege that any admissions have been made by any party or any agents, servants or representatives thereof, concerning the cause of damages at issue in this litigation, state each, including the time, date, place, content, identity of the person making the admission and, if oral, identify of all persons present when made, and, if written, attach a copy to your answers to these Interrogatories.

**Interrogatory No. 7**

State the date(s) when the subject property was packed and identify all persons, including their occupation and employer, involved with the packing of the property.

**Interrogatory No. 8**

State the date when the subject property was unpacked and identify all persons, including their occupation and employers, involved with the unpacking of any packaged property.

**Interrogatory No. 9**

With respect to the Plaintiffs' shipped property, if you or any service provider retained by you ever checked and listed shipper's inventory prior to delivery of the goods to the Defendant, Apollo Van Lines, Inc. for shipment, set forth each date the inventory was checked or listed, identify each document prepared as a result and identify each person involved and whether or not the inventory was signed by you or your representative.

**Interrogatory No. 10**

If you or any service provider retained by you ever checked, took exceptions to the condition of the cargo and/or listed your inventory after the date of delivery of the goods to the

Defendant, Apollo Van Lines, Inc., set forth each date the inventory was checked or listed, identify each document prepared as a result and identify each person involved and identify your representative, if any, that signed the inventory.

**Interrogatory No. 11**

For each property loss/damage claim identified in Plaintiff's Amended Complaint, if you or any one acting on your behalf has obtained from any person an oral or written statement, account, memorandum, report or writing concerning the loss or damage, identify from whom obtained, to whom directed, and the date obtained.

**Interrogatory No. 12**

For each property loss/damage claim identified in Plaintiff's Amended Complaint, state the details surrounding when you first became aware of the damage or loss, including who advised you of the damage or loss, who was with you at the time and what was the first action you took afterward.

**Interrogatory No. 13**

Set forth in detail all remedial measures undertaken in response to Plaintiffs' property damage claims, including dates of undertaking, including any attempts to salvage or repair Plaintiffs' property whether by you or a third party.

**Interrogatory No. 14**

If Williams or its insurer have paid Plaintiffs or anyone else for Plaintiff's benefit any amounts for loss or damages to the property that is the subject of Plaintiffs' Amended Complaint, set forth the amounts and corresponding property items that were paid, and how the payment sum was calculated.

**Interrogatory No. 15**

For each property loss/damage claim identified in Plaintiffs' Amended Complaint, if any photographs were taken of the subject property before or after the alleged damage or loss, identify each, including the date taken, the purpose taken, and the photographer.

**Interrogatory No. 16**

State all facts upon which you rely to support your claim that you're entitled to contribution from Apollo Van Lines, Inc. as setforth and described in paragraph 1 of Count I of your Cross-claim against Apollo Van Lines, Inc.

**Interrogatory No. 17**

State all facts upon which you rely to support your claim that you're entitled to indemnity from Apollo Van Lines, Inc. as setforth and described in paragraph 1 of Count II of your Cross-claim against Apollo Van Lines, Inc.

Respectfully Submitted,
Apollo Van Lines, Inc.
By its Attorney:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 19th day of May 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842, **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382; **James P. Marusak, Esq**., Gidley, Sarli & Marusak, LLP, One Turks Head place, Suite 900, Providence, RI 02903 and **George W. Wright, Esq**. George W. Wright & Associates, LLC, Continental Plaza, 401 Hackensack Avenue, 7th Floor, Hackensack, NJ 07601.

Robert C. Conte

# EXHIBIT 2

LAW OFFICES OF
LENIHAN GRADY & STEELE
THE DENISON HOUSE
6 CANAL STREET
P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

F. THOMAS LENIHAN
(1939-2003)
THOMAS J. GRADY*
MARGARET L. STEELE*

MICHELLE A. BUCK*
MATTHEW J. CORCORAN*

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED TO PRACTICE IN
RI AND CT

August 2, 2005

James P. Marusak, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place
Suite 900
Providence, RI 02903

***Re: Jason York and Maureen York v. Day Transfer Co., et al.***
***C.A. No. 04-551S***

Dear Mr. Marusak:

On May 19, 2005 we sent you Defendant Apollo Van Lines, Inc.'s First Set of Interrogatories to Williams Moving and Defendant, Apollo Van Lines, Inc.'s Request for Documents to Williams Moving. Your answers and responses were due on June 20, 2005. We have heard nothing from you. If we don't hear from you by August 12, 2005 we will file a Motion to Compel.

Very truly yours,

***LENIHAN, GRADY & STEELE***

Thomas J. Grady, Esq.

TJG/rcc

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | C.A. 04-551 S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |
| v. | : | |
| WILLIAMS MOVING COMPANY | : | |

***AFFIDAVIT OF MOVANT'S GOOD FAITH EFFORTS TO RESOLVE THIS DISCOVERY DISPUTE RELATIVE TO APOLLO VAN LINES, INC.'S MOTION TO COMPEL WILLIAMS MOVING COMPANY TO ANSWERS APOLLO'S FIRST SET OF INTERROGATORIES***

I, Thomas J. Grady, upon oath being duly sworn as follows:

1. On May 19, 2005, Apollo counsel forwarded Apollo's First Set of Interrogatories to counsel for Williams Moving Company, which answers and responses were due on June 20, 2005.

2. Having received no answers to its First Set of Interrogatories, Apollo counsel sent a letter to counsel for Williams Moving Company seeking answers to said interrogatories and requesting a response by August 2, 2005.

3. As of August 16, 2005, there has been no response to the letter of August 2, 2005, nor responses to Apollo's First Set of Interrogatories.

The aforesaid facts are true and correct to the best of my knowledge and belief.

IN WITNESS THEREOF, I hereunto set my hand and seal this ___ day of August, 2005.

Thomas J. Grady, Esq.

STATE OF RHODE ISLAND
COUNTY OF WASHINGTON

In Westerly, Rhode Island on the 16th day of August 2005 before me personally appeared Thomas J. Grady to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by he so executed to be his free act and deed.

Robin C. Conto

Notary Public: ROBIN C. CONTO
My Commission Expires: 4/13/09