UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON YORK and MAUREEN YORK,

Plaintiffs,

v.

DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.,

Defendants,

v.

WILLIAMS MOVING COMPANY,

Third-Party Defendant.

C.A. No. 04-551S

**OBJECTION OF DEFENDANT WILLIAMS MOVING COMPANY TO MOTION TO COMPEL ANSWERS OF CO-DEFENDANT APOLLO VAN LINES, INC.**

Defendant, Williams Moving Company, hereby objects to co-defendant Apollo Van Lines, Inc.'s motion to compel answers to its first set of interrogatories. As grounds therefore, the Defendant, Williams Moving Company, states as follows:

1. On or about August 3, 2005, co-counsel for Defendant Williams Moving Company received a letter dated August 2, 2005 from counsel for Apollo Van Lines, Inc., which is attached to Apollo Van Lines, Inc.'s motion to compel as Exhibit 2. On August 3, 2005, at 2:00 p.m., the parties were present at Federal Court before Magistrate Judge Martin on the Plaintiff's motion to amend. At the end of that hearing, co-counsel for Defendant Williams Moving Company approached counsel for Apollo Van Lines, Inc. and indicated that he had

received Apollo Van Lines, Inc.'s letter. As required by the Rules, counsel discussed a compromise in order to avert the necessity of invoking the time of the Court. Co-counsel for Defendant Williams Moving Company explained that Defendant Williams Moving Company was in the process of compiling responses to Apollo Van Lines, Inc.'s requests for production and answers to interrogatories and would appreciate an extension of time before any motion to compel was brought. Apollo Van Lines, Inc.'s counsel indicated that he would not seek to compel the discovery provided that Defendant Williams Moving Company agreed not to compel discovery from Apollo Van Lines, Inc., which might be outstanding until after Defendant Williams Moving Company had produced responses to Apollo Van Lines, Inc.'s discovery.

2. Co-counsel for Defendant Williams Moving Company agreed to this compromise. In fact, Defendant Williams Moving Company, in good faith, has already produced responses to Apollo Van Lines, Inc.'s requests for production and is still in the process of compiling answers to Apollo Van Lines, Inc.'s interrogatories.

3. Accordingly, Defendant Williams Moving Company takes issue with statements contained in the motion of Apollo Van Lines, Inc. and the supporting Affidavit which are contrary to the above facts. Defendant Williams Moving Company has written the enclosed letter to counsel for Apollo Van Lines, Inc. which is attached hereto and incorporated herein as **Exhibit 1**.

Defendant Williams Moving Company accordingly requests that the motion to compel answers to interrogatories brought by Apollo Van Lines, Inc. be passed or that it be denied with the same proviso that counsel had agreed to previously on August 3, 2005, i.e. that Defendant Williams Moving Company shall produce answers to interrogatories prior to seeking to compel reciprocal discovery from Apollo Van Lines, Inc.

Respectfully submitted

_______________________________

Attorney for Third-Party Defendant
WILLIAMS MOVING COMPANY
James R. Marusak, Esq.
GIDLEY SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644

-and-

George W. Wright, Esq.
GEORGE W. WRIGHT & ASSOCIATES, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601
(201) 342-8884

**CERTIFICATION**

I hereby certify that I caused a true and accurate copy of the within document to be served upon the following counsel of record on this 18th day of August, 2005:

Attorney Sarah L. Fifield
40 Broad Street, Suite 2000
New York, NY 10004

Thomas C. Plunkett, Esq.
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903

Joseph R. Palumbo, Jr., Esq.
294 Valley Road
Middletown, RI 02842

Thomas L. Grady, Esq.
Lenihan, Grady & Steel
6 Canal Street
P.O. Box 541
Westerly, RI 02891

Daniel S. Crocker, Esq.
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903

Karen Ciccone

Michael G. Sarli*
James P. Marusak*
Michael R. De Luca*
Dennis T. Grieco II*

Stephen J. Brouillard*
Matthew D. Rocheleau*

Thomas D. Gidley, Retired

* *Also admitted in Massachusetts*

One Turks Head Place, Suite 900
Providence, Rhode Island 02903
Telephone 401-274-6644
Fax 401-331-9304

Gidley, Sarli & Marusak, LLP
ATTORNEYS AT LAW

August 18, 2005

Thomas L. Grady, Esq.
Lenihan, Grady & Steel
6 Canal Street
P.O. Box 541
Westerly, RI 02891

Re: York v. Day Transfer Co., et al.
C.A. No.: 04-551 S

Dear Tom:

I was quite surprised to receive your motion to compel Williams Moving Company to answer interrogatories on August 17, 2005. In particular, I was taken aback by your representation that you had "no recourse except to file this motion" because "no response has been forthcoming" to your letter dated August 2, 2005.

Please recall our very specific conversation at the hearing on Plaintiff's motion to amend at Federal Court on August 3, 2005. After the hearing, I approached you, indicated that I received your letter, and requested that you not file a motion to compel because the answers to both your discovery requests were being compiled at that time. You indicated to me that you would have no problem with holding off on moving to compel provided that my client agreed not to compel your client to answer any discovery requests that might have been served upon your client at that point. I indicated to you that that your request was reasonable and that we would not seek to compel discovery from you until after our discovery responses had been forwarded to you.

In fact, this week, Williams Moving Company forwarded its response to your request for production. The answers to interrogatories are still in process.

Accordingly, I assume that your affidavit dated August 16, 2005 in which you indicated that there was no response to your letter of August 2, 2005 was an unintentional mistake.

EXHIBIT
1

Hopefully, you will agree to advise the Court that you are passing your motion to compel.

Please call at your earliest opportunity.

Sincerely,

Jim

James P. Marusak

JPM:jlg

cc: George Wright, Esq.

P.S.
I called on August 17 to Discuss this with you and left a specific message; I also requested a return call. Please call!

Jim.