**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JASON YORK and MAUREEN YORK**<br><br>**Plaintiffs**<br>**v.**<br><br>**DAY TRANSFER COMPANY, APOLLO VAN LINES, INC., ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.**<br><br>**Defendants**<br><br>**v.**<br><br>**WILLIAMS MOVING COMPANY**<br><br>**Third Party Defendant** | **CA No. 04-551S** |

**PLAINTIFF'S APPEAL OF MAGISTRATE'S MEMORANDUM AND ORDER DENYING IN PART PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Local Rule 32(b)(2), plaintiffs hereby appeal certain portions of Magistrate Judge Martin's Memorandum and Order dated August 19, 2005 denying in part plaintiff's motion to file a second amended complaint.

Plaintiffs moved to further amend their complaint by (a) adding claims against all currently named defendants and (b) asserting direct claims against third party defendant Williams Moving Company.

Magistrate Judge Martin granted plaintiffs' motion to add a new claim against defendant Apollo Van Lines, Inc. ("Apollo") and to add direct claims against third party defendant Williams Moving Company ("Williams").

The Magistrate Judge, however, denied plaintiffs' motion to add claims against defendants Day Transfer Moving & Storage Company ("Day Transfer") and Andrews Express & Storage Warehouse, Inc. ("Andrews"). Andrews did not object to plaintiffs' motion. Plaintiffs' appeal the Magistrate Judge's rulings with respect to Day Transfer and Andrews.

The Court, of course, need not be reminded of the liberal criteria by which motions to amend should be decided. As the Magistrate Judge noted, "If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12 (b) (6)", quoting *Hatch v. Dep't for Children, Youth & Their Families,* 274 *F.* 3d 12, 19 (1st Cir. 2001); and "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" should a motion to dismiss be granted, quoting *Rosa v. Park West Bank & Trust Co.*, 214 F.3d 213, 215 (1st Cir. 2000).

It is under these standards that plaintiffs respectfully submit the Magistrate Judge's denial of portions of plaintiffs' motion to amend was clearly erroneous and contrary to law.

**1. Plaintiffs' Objection To The Magistrate Judge's Denial Of Plaintiffs' Motion To Add A Claim Against Day Transfer Based On Broker Liability (Count 3 of proposed amended complaint).**

Plaintiffs seek, in Count 3 of their second amended complaint, to add a claim against Day Transfer, alleging that *in this case* they were acting as a broker and have liability to plaintiffs as such, free of the limitations on recovery imposed by the Carmack Amendment.

In its papers filed with the Court, including its third party complaint against Williams Moving Company and its pretrial conference statement, Day Transfer has stated that it was not involved in the actual transport of the plaintiffs' household goods. Rather, according to Day Transfer, while it issued it bill of lading for the shipment, it engaged the services of Williams Moving Company to hire various third parties to pack the plaintiffs' goods (Lonestar Relocation Services), transport the plaintiffs' goods (Apollo) and store the plaintiffs' goods in Newport (Andrews). According to Day Transfer, its "only involvement in the instant case was in issuing its bill of lading at the direction of Williams Moving, and Day Transfer had no contact with the plaintiffs or codefendants at all relevant times herein." (Third Party Complaint, paragraph 7)

Thus, the nature of what Day Transfer did sounds like brokerage services, i.e., it brokered out its responsibility to Williams Moving Company under a fee sharing arrangement (See, e.g., Day Transfer's pre-trial statement).

A number of courts have ruled that a broker's liability is not governed by the Carmack Amendment and that a broker may be liable under state law claims for negligence.

For example, in *Custom Cartage, Inc. v. Motorola*, 1999 U.S. Dist. LEXIS 1684, the United States District Court for the Northern District of Illinois (Eastern Division), discussed the scope of the preemption of the Carmack Amendment. The district court stated:

> The Carmack Amendment is silent on the issue of broker liability. This does not mean that the Carmack Amendment grants entities which arrange for the transportation of goods absolute immunity for breach of contract or tort actions arising out of the interstate shipment of goods. Various courts have implicitly recognized that brokers may still be liable on various causes of action outside of the Carmack Amendment. See Byrton v. Dairy Products, Inc. v. Harborside Refrigerated Services, Inc., 991 F. Supp. 977 (N.D. Ill. 1997) (Hart, J.) (awarding breach of contract damages against defendant after determining the defendant merely arranged for the transportation of goods and was not a freight forwarder under the Carmack Amendment); Phoenix Assurance Co. v. Kmart Corp., 977 F.Supp. 319, 325 (D.N.J. 1997) ("a broker, if not negligent, is generally not liable for the value of goods lost [*9] in intestate commerce).

The court in Custom Cartage went on to hold that the Carmack Amendment does not prohibit common law negligence claims against brokers. The district court stated:

> The Carmack Amendment streamlines and simplifies suits against carriers and freight forwarders. It does not exempt brokers from paying for their own negligence or prevent them from entering into contracts with shippers.

The Magistrate Judge denied plaintiffs' request to allege broker liability on the part of Day Transfer because, the Magistrate reasoned, the plaintiffs do not dispute Day Transfer's claim that it is a motor carrier subject to the Carmack Amendment. Certainly the plaintiffs do not dispute the fact that Day Transfer is generally speaking a motor

carrier and thereby subject to the Carmack Amendment. What Day Transfer does generally is however beside the point. In this case, plaintiffs allege that Day Transfer, by its own admissions, was not acting as a motor carrier but as a broker. By its own admissions, other than to issue a bill of lading at the request of Williams, Day Transfer never laid a hand on the plaintiffs' goods; it provided no "motor carrier" services with respect to same. Rather, plaintiffs allege, Day Transfer brokered all services through Williams and shared in Williams' broker compensation. If the facts bear the plaintiffs' allegations out, certainly the proposed amendment to the complaint alleging broker liability on the part of Day Transfer presents a viable claim.

For these reasons, plaintiffs submit that the Magistrate Judge clearly erred in denying their motion to add a separate claim against Day Transfer for liability as a broker, based on the futility doctrine.

**2. Plaintiffs' Objection To The Magistrate Judge's Denial Of Plaintiffs' Motion To Add A Claim Against Andrews For Negligence In Causing Plaintiffs' Insurance To Be Voided (Count 9 of proposed amended complaint).**

Plaintiffs allege that substantially all of their household goods were lost or damaged as a result of mildew and mold resulting from a leaking roof in Andrews' warehouse where the goods were delivered by Apollo and stored for two months between June 16, 2004 and August 16, 2004 pending plaintiffs' move into their new residence in Middletown.

Plaintiffs procured an insurance policy from USAA Insurance Company insuring

their household goods for their full value if damaged or lost during moving and storage. Under the policy, however, damage or loss due to mildew and mold is specifically excluded, which is a standard exception in such policies of insurance.

Plaintiffs' proposed new claim asserts that it was reasonably foreseeable to Andrews that plaintiffs would procure such insurance coverage, given the severely low artificial limit of the amount of recovery under the Carmack Amendment, and, given Andrews' many years of experience providing transportation and storage services. Furthermore plaintiffs contend that Andrews knew or should have known of the mildew and mold exclusion in any such policy. Plaintiffs seek to recover against Andrews Express & Storage to the extent their loss is not fully recoverable under their other claims but would have been covered under the insurance policy they procured, but for Andrews' negligence in allowing the plaintiffs' goods to be exposed to water seepage in its warehouse resulting in mold damage thereby voiding the plaintiffs' insurance coverage. As noted above, Andrews did not object to plaintiffs' motion.

A defendant may reasonably be held bound to provide against what, from usual experience, is likely to happen. *Mercurio v. Burrillville Racing Ass'n*, 187 A.2d 655, 95 R.I. 417 (1963). The linchpin in determining the existence of any duty owed to a plaintiff is the foreseeability of the risk of the claimed injury to them by a defendant's actions. *Splendorio v. Bilray Demolition Co., Inc.*, 682 A.2d 461 (R.I. 1996). In this case, liability would arise under the proposed new claim if it was foreseeable to Andrews that (a) plaintiffs would have an insurance policy, (b) that such policy would have a mold damage exclusion, and (c) but for Andrews' negligence the policy would have remained

in effect. In denying the plaintiffs' motion to add the new claim against Andrews the Magistrate Judge reasoned—

> "Although Plaintiffs assert that as a proximate result of the negligence of Andrews they suffered the loss of their insurance coverage on their household goods, Plaintiffs never had insurance coverage damage caused by the mold. Thus, Andrews cannot be said to have caused the loss of such coverage." (Magistrate Judge's Memorandum and Order, page 7)

With all due respect, the Magistrate Judge has misperceived the factual allegations. The plaintiffs would have had FULL COVERAGE but for the fact that Andrews, by its negligence, caused the plaintiffs' household goods to remain exposed to water seepage for more than 2 months in its wholly unsuitable warehouse, which is the reason the plaintiffs' goods became mildew and mold infested thereby voiding their insurance coverage. The mold exclusion would have never come into play at all but for Andrews' negligence/gross negligence.

Plaintiffs respectfully submit that they have made out a viable claim against Andrews and that the Magistrate Judge clearly erred in denying their motion to amend to add this claim.

By their attorney,

**Joseph R. Palumbo, Jr., #0405**
294 Valley Road
Middletown, Rhode Island 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net

**CERTIFICATE OF SERVICE**

I, **Joseph R. Palumbo, Jr**., hereby certify that I caused to be mailed, postage pre-paid on the 29th day of **August, 2005,** a copy of the foregoing **Appeal** to **Daniel S. Crocker, Esquire**, Partridge Snow & Hahn LLP, 180 South Main Street, Providence, Rhode Island 02903, **Thomas C. Plunkett, Esquire**, Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, Rhode Island 02903, and **Thomas Grady, Esquire**, Lenihan, Grady & Steele, 6 Canal Street, P.O. Box 541, Westerly, Rhode Island 02891, **Sarah L. Fifield, Esquire,** Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, New York 10004-2382, **James P. Marusak, Esquire**, Gidley, Sarli & Marusak, LLP, One Turks Head Place, Suite 900, Providence, Rhode Island 02903, **George W. Wright, Esquire**, George W. Wright & Associates, LLC, 401 Hackensack Avenue, 7th Floor, Hackensack, New Jersey 07601.