UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and MAUREEN YORK | : | |
| | : | C.A. 04-551 S |
| v. | : | |
| | : | |
| DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC. | : | |

***AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT APOLLO VAN LINES, INC TO PLAINTIFF'S SECOND AMENDED COMPLAINT; CROSSCLAIM OF APOLLO VAN LINES, INC.***

Defendant Apollo Van Lines, Inc. (Apollo) for its Answer for and Affirmative Defenses to the Second Amended Complaint alleges as follows:

Allegations Common to All Counts

1. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 1 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

2. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 2 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

3. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 3 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

4. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 4 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

5. In response to paragraph 5 of the Second Amended Complaint, Defendant Apollo Van Lines, Inc. admits that Day Transfer Company is the motor carrier to which government bill of lading #ZY-711231 was issued for transportation of Plaintiff's shipment from an origin point in Texas to a destination point in Rhode Island. Except as expressly admitted, Apollo denies each and every other allegation in paragraph 4 for lack of information or knowledge.

6. In response to paragraph 6 of the Second Amended Complaint, Defendant Apollo Van Lines, Inc. admits that Lone Star Relocation Service was the origin agent for Day Transfer and packed plaintiffs' household goods at plaintiffs' residence in Texas. Apollo admits that Day Transfer through Williams Moving Company interlined the shipment at origin with Apollo in its capacity as a motor carrier for transportation of plaintiffs' shipment with a specific direction to deliver the shipment to the warehouse facility of Andrews Express & Storage Warehouse, Inc. (Andrews Express) at its warehouse in Newport, Rhode Island. Except as expressly admitted, Apollo denies each and every other allegation in paragraph 6 for lack of information or knowledge.

7. In response to paragraph 7 of the Second Amended Complaint, Defendant Apollo Van Lines, Inc. admits that Apollo transported plaintiffs' shipment from origin in Texas and delivered the shipment to Andrews Express in Newport, Rhode Island, arriving on or about June 16, 2004 and that Andrews Express took possession and custody of plaintiffs' household goods at that time. Except as expressly admitted, Apollo denies each and every other allegation in paragraph 7 for lack of information or knowledge.

8. In response to paragraph 8 of the Second Amended Complaint, Defendant Apollo Van Lines, Inc. admits that Andrews Express delivered plaintiffs' household goods from its warehouse at Newport, Rhode Island to plaintiffs' residence. Except as expressly admitted, Apollo denies the remaining allegations of paragraph 8 for lack of information or knowledge.

9. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 9 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

10. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 10 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

11. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 11 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

12. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 12 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

13. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations set forth in paragraph 13 of the Second Amended Complaint and therefore leaves plaintiffs to their proof.

COUNT I – Day Transfer Company (Claim under Carmack Amendment)

14. Apollo Van Lines, Inc., hereinafter (Apollo) repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "13" in response hereto as though fully setforth herein.

15. The allegations of paragraph 15 are not directed toward Apollo and thus no response is required. To the extent facts are alleged against Apollo, they are denied.

16. The allegations of paragraph 16 are not directed toward Apollo and thus no response is required. To the extent facts are alleged against Apollo, they are denied.

17. The allegations of paragraph 17 are not directed toward Apollo and thus no response is required. To the extent facts are alleged against Apollo, they are denied.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

COUNT II – Day Transfer & Storage Co. (Negligence)

18. No further response is required to the allegations of paragraphs 1-13 of the Second Amended Complaint to which Apollo responded above.

19. The allegations in paragraph 19 are not directed at Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied.

20. The allegations in paragraph 20 are not directed at Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

COUNT III – Day Transfer & Storage Co. (Broker Liability)

21. No further response is required to the allegations of paragraphs 1-13 of the Second Amended Complaint to which Apollo responded above;

22. The allegations in paragraph 22 are not directed at Apollo Van Lines, Inc. and therefore no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

23. The allegations in paragraph 23 are not directed at Apollo Van Lines, Inc. and therefore no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

24. The allegations in paragraph 24 are not directed at Apollo Van Lines, Inc. and therefore no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

25. The allegations in paragraph 25 are not directed at Apollo Van Lines, Inc. and therefore no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

COUNT IV – Apollo Van Lines, Inc. (Claim Under Carmack Amendment)

26. Defendants incorporate by reference the allegations of paragraphs 1-13 of this Answer as if fully restated herein;

27. In response to paragraph 27 of the Second Amended Complaint, Apollo admits that it transported Plaintiff's goods from Texas to the warehouse facility of Andrews Express at Newport, Rhode Island. To the extent that the remaining allegations of paragraph 27 of the Second Amended Complaint are allegations of fact, Apollo denies the allegations. To the extent the remaining allegations are conclusions of law, no response is required.

28. Apollo denies the allegations of paragraph 28 of the Second Amended Complaint.

29. Apollo denies the allegations of paragraph 29 of the Second Amended Complaint.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

COUNT V – Apollo Van Lines, Inc. (Claim for Inducement By Misrepresentation)

30. Apollo Van Lines, Inc. incorporates it answers to the allegations of paragraphs 1-13 of the Second Amended Complaint as if fully restated herein;.

31. Defendant Apollo Van Lines, Inc. is without sufficient knowledge within which to affirm or deny the allegations of paragraph 31 and therefore leaves the Plaintiffs to their proof;

32. Defendant Apollo Van Lines, Inc. is without sufficient information to affirm or deny the allegations of paragraph 32 and therefore leaves the Plaintiffs to its proof;

33. The allegations of fact of paragraph 33 are expressly denied. Any conclusions of law do not require a response and to that extent none is given;

34. The allegations of fact of paragraph 34 are expressly denied. To the extent that the allegations of law are made no response is required and no response is given.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

COUNT VI – Andrews Express & Storage Warehouse, Inc. (Claim under Carmack Amendment)

35. No further response is required to the allegations of paragraphs 1-13 of the Second Amended Complaint to which Apollo responded above;

36. The allegations in paragraph 36 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied;

37. The allegations in paragraph 37 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied;

38. The allegations in paragraph 38 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

COUNT VII – Andrews Express & Storage Warehouse, Inc. (Claim under Negligence as Bailee)

39. No further response is required to the allegations of paragraphs 1-13 of the Second Amended Complaint to which Apollo responded above;

40. The allegations in paragraph 40 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied;

41. The allegations in paragraph 41 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied;

42. The allegations in paragraph 42 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

COUNT VIII – Andrews Express & Storage Warehouse, Inc. (Claim for Negligence in Making Dwelling Uninhabitable)

43. No further response is required to the allegations of paragraphs 1-13 of the Second Amended Complaint to which Apollo responded above;

44. The allegations in paragraph 44 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied;

45. The allegations in paragraph 45 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied;

46. The allegations in paragraph 46 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent facts are alleged against Apollo Van Lines, Inc. they are denied.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

COUNT IX – Andrews Express & Storage Warehouse, Inc. (Claim for Negligence in Voiding Plaintiffs' Insurance Coverage)

47. No further response is required to the allegations of paragraphs 1-13 of the Second Amended Complaint to which Apollo responded above;

48. The allegations in paragraph 48 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

49. The allegations in paragraph 49 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

50. The allegations in paragraph 50 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

51. The allegations in paragraph 51 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

52. The allegations in paragraph 52 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

53. The allegations in paragraph 53 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

54. The allegations in paragraph 54 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied;

55. The allegations in paragraph 55 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

## COUNT X

No response is required by Apollo Van Lines, Inc., since the Plaintiff did not incorporate Count X in its Second Amended Complaint.

COUNT XI – Williams Moving Company (Claim for Common Law Negligence as Broker)

56. No further response is required to the allegations of paragraphs 1-13 of the Second Amended Complaint to which Apollo responded above;

57. The allegations in paragraph 57 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied.

58. The allegations in paragraph 58 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied.

59. The allegations in paragraph 59 are not directed toward Apollo Van Lines, Inc. and thus no response is required. To the extent that facts are alleged against Apollo Van Lines, Inc. they are denied.

WHEREFORE, Defendant Apollo demands judgment against the Plaintiff praying that the Second Amended Complaint be dismissed and the Defendant awarded costs and expenses for defending this action.

AFFIRMATIVE DEFENSES

As its affirmative defenses, Apollo alleges as follows:

FIRST:

1. Lack of Privity. The contract of carriage pursuant to which plaintiffs' goods were transported is Government Bill of Lading (GBL) No. ZY-711231 to which the only parties are Day Transfer as the carrier, and the United States Department of Defense as the shipper. Apollo

is not a party to this GBL contract, is not in privity of contract with plaintiffs and is not liable to plaintiffs under the terms of the GBL contract or on any other legal ground.

SECOND:

2. Failure to State a Claim pursuant to 12(b)(6).

a. Plaintiffs' Second Amended Complaint fails to state a cause of action upon which relief may be granted because plaintiffs' sole remedy is to file a claim for loss or damage with the appropriate military claims service pursuant to 31 U.S.C. §3721 and the applicable military regulations.

b. No Personal Injury or Consequential Damages Recoverable under the Carmack Amendment. Defendant, Apollo avers that no legal remedy is permitted by law on behalf of the Plaintiffs against this Defendant for any personal injury or other consequential damages by reason of the collateral claims except for those permitted by the Carmack Amendment, 49 U.S.C. §14706, or otherwise, for damages to the Plaintiff's household goods.

c. Defendant Apollo Van Lines, Inc. states that the Second Amended Complaint, Count Four fails to state a cause of action upon which relief may be granted.

d. Defendant Apollo Van Lines, Inc. states that the Second Amended Complaint, Count Five fails to state a cause of action upon which relief may be granted.

THIRD:

3. Failure of Proximate Cause. Plaintiffs' Second Amended Complaint is subject to dismissal by reason of the failure to show that this Defendant, Apollo Van Lines, Inc.,

proximately caused the damages to the Plaintiff. Plaintiff's sole allegations of proximate cause are to other defendants in this case and the Second Amended Complaint fails to state any proximate cause with respect to any damages against Apollo Van Lines, Inc.

And further, that the damages to Plaintiff's goods were caused by conditions beyond the control of this Defendant

FOURTH:

4. Failure of Jurisdiction. The Court lacks jurisdiction over the person for failure to properly effect service of process on this Defendant.

FIFTH:

5. Comparative Fault. All or part of the damages allegedly sustained by the Plaintiff were caused in whole or in part by the culpable conduct of the plaintiffs, and plaintiffs' damages, if any, should be diminished in accordance with that degree of culpability and fault.

SIXTH:

6. The Defense of Intervening Cause. All or part of the damages allegedly sustained by the plaintiffs were caused solely by the separate, independent and/or negligent actions or inactions of third persons over whom defendant, Apollo Van Lines, Inc. exercised no control and, therefore, said actions or inactions bar or diminish plaintiffs' claim for damages against defendant.

SEVENTH:

7. Limited Liability. Plaintiff assumed the risk of any alleged damages. All of the plaintiff's damages, if any, are limited in accordance with the limitations and restrictions of liability as set forth in Government Bill of Lading #ZY-711231.

EIGHTH:

8. Carmack Amendment. Plaintiff's claims, if any, are preempted by, and subject exclusively to, the terms, conditions and limitations imposed under the Carmack Amendment to the Interstate Commerce Act 49 U.S.C §14706.

NINTH:

9. Contract. The rights and obligations of the parties are subject to the terms and conditions of Government Bill of Lading #ZY-711231 which is the contract of carriage for Plaintiffs' shipment.

TENTH:

10. Assignment. Plaintiff has no right, title or interest in any claim against Apollo Van Lines, Inc., Plaintiff having assigned all of their right, title and interest to any possible claims they may have had to the United States Government in exchange for a payment of $40,000.00. As the result Plaintiffs have no standing to bring this action.

CROSSCLAIM FOR INDEMNITY AND/OR CONTRIBUTION AGAINST ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.

If the plaintiffs were caused to sustain the damages set forth in the Second Amended Complaint through any negligence or acts, omissions and/or breaches of duty other than the plaintiffs' own, such damages were sustained in whole or in part by reason of the acts, omissions and/or breaches of duty of Andrews Express & Storage Warehouse, Inc.

If there is any verdict or judgment recovered against Apollo Van Lines, Inc., Apollo Van Lines, Inc. will be damaged thereby and Andrews Express & Storage Warehouse, Inc. will be bound to indemnify and/or contribute to Apollo Van Lines, Inc. for the entire amount of any such recovery or for such proportionate share thereof as is attributable to the culpable conduct and breach of duty by Andrews Express & Storage Warehouse, Inc.

WHEREFORE, defendant Apollo Van Lines, Inc. demands judgment against Plaintiff on all of its claims, dismissing the Second Amended Complaint with prejudice, together with judgment in favor of Apollo on it's cross claim, and granted costs and such other relief as the Court deems granted and just.

Apollo Van Lines, Inc.
By its Attorney.

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 22nd day of September 2005 to **Thomas C. Plunkett, Esq**., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903; **Daniel S. Crocker, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842, **Sarah L. Fitfield, Esq**., Dombroff & Gilmore, P.C., 40 Broad Street, Suite 2000, New York, NY 10004-2382; **James P. Marusak, Esq**., Gidley, Sarli & Marusak, LLP, One Turks Head place, Suite 900, Providence, RI 02903 and **George W. Wright**, **Esq**. George W. Wright & Associates, LLC, Continental Plaza, 401 Hackensack Avenue, 7th Floor, Hackensack, NJ 07601.