UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Jason York and Maureen York,<br><br>Plaintiffs,<br><br>v.<br><br>Day Transfer Moving & Storage Co., Apollo Van Lines, Inc., and Andrews Express & Storage Warehouse, Inc.,<br><br>Defendants,<br><br>v.<br><br>Williams Moving Co.,<br><br>Third-Party Defendant. | C.A. No. 04-551S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Presently before the Court is Plaintiffs' appeal of Magistrate Judge David L. Martin's Memorandum and Order dated August 19, 2005, denying in part Plaintiffs' Motion to File a Second Amended Complaint. Plaintiffs assert that Judge Martin committed clear

error[1] by not allowing them to amend their Complaint to include the following counts:

- Count 3, in which Plaintiffs allege Defendant Day Transfer Moving & Storage Co. ("Day Transfer") acted negligently in the performance of brokerage services; and

- Count 9, which is a claim for "Negligence In Causing Plaintiffs' Insurance To Be Voided" against Andrews Express & Storage Warehouse, Inc. ("Andrews").

(Doc. #71). Day Transfer and Williams Moving Co. filed a joint memorandum in opposition to Plaintiffs' appeal. (Doc. #77). Having reviewed the relevant filings, the Court concludes that Plaintiffs may amend their Complaint to include Count 3, but may not include Count 9.

I. <u>Count 3</u>

Count 3 of Plaintiffs' Second Amended Complaint contends that Day Transfer acted as a broker in the instant transaction because Day Transfer "engaged the services of Williams Moving to in turn hire the services of various third parties to provide [transportation] services." (Doc. #47-2 at 6-7). Relying on Plaintiffs' general classification of Day Transfer as a motor carrier, Judge Martin stated "it appears that Plaintiffs do not

---

[1] Motions to amend a complaint are normally treated as non-dispositive pretrial matters under Fed. R. Civ. P. 72(a), invoking clear error review. <u>See</u> <u>Pagano v. Frank</u>, 983 F.2d 343, 346 (1st Cir. 1993); <u>but see</u> <u>Covington v. Kid</u>, No. 94-4234(WHP), 1999 WL 9835, *2 (S.D.N.Y. Jan. 7, 1999)(applying de novo standard of review because denial of leave to amend forecloses a potential claim). In this case, the Court, although reviewing de novo, notes that it would reach the same result under a clear error review.

dispute Day Transfer's claim that it is a motor carrier subject to the Carmack Amendment" and, therefore, any claim sounding in broker liability is pre-empted. (Doc. #69 at 2-3).

While it is true that the Carmack Amendment precludes certain claims against motor carriers, see Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc., 243 F. Supp. 2d 1064, 1068 (C.D. Cal. 2002), it is equally true that a transportation company may operate as both a broker and a carrier. See Schramm v. Foster, 341 F. Supp. 2d 536, 549 (D. Md. 2004). Thus, Day Transfer's general status as a "motor carrier" pursuant to 49 U.S.C. § 13102(12) is largely irrelevant. The dispositive inquiry is whether Day Transfer acted as motor carrier or broker during its specific transaction with Plaintiffs -- a question best left for future substantive motions or for trial. Accordingly, the Court concludes that under the liberal pleading standard of Fed. R. Civ. P. 15, Judge Martin's order concerning this claim is reversed, and Plaintiffs' request to amend their Complaint to include Count 3 is GRANTED.

II. Count 9

The Court agrees with Judge Martin's well reasoned conclusion concerning Count 9 and, therefore, Plaintiffs' request to amend their Complaint to include this claim is DENIED.

IT IS SO ORDERED.

WESm

William E. Smith
United States District Judge
Date: 10/5/05