# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON YORK AND MAUREEN YORK,<br>Plaintiffs<br><br>v.<br><br>DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. AND ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.,<br>Defendants | C.A. No. 04-551 S |

## SECOND AMENDED ANSWER OF DEFENDANT ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.

Now comes the Defendant, Andrews Express & Storage Warehouse, Inc. ("Andrews"), by and through its attorneys, and hereby answers Plaintiffs, Jason York and Maureen York's, Second Amended Complaint (the "Amended Complaint") as follows:

1-6. Andrews is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 6 of the Second Amended Complaint and therefore denies the same.

7. Andrews admits that on or about June 16, 2004, at the request of the United States government, it received certain goods relating to plaintiffs and stored those goods as "storage-in-transit" on behalf of Day Transfer Company. Andrews is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Second Amended Complaint and therefore denies the same.

8. Andrews admits that, on behalf of the carrier Day Transfer Company, it delivered York's household goods out of "storage-in-transit" to 505 Wolcott Avenue.

9. Andrews is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 8 of the Second Amended Complaint and therefore denies the same. Andrews denies the allegations contained in the second sentence of paragraph 8 of the Second Amended Complaint.

10-11. Andrews is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 through 11 of the Second Amended Complaint and therefore denies the same.

12. Andrews admits that it was contacted by Plaintiffs, but Andrews is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Second Amended Complaint and therefore denies the same.

13. Andrews is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint and therefore denies the same.

14. Andrews realleges and incorporates by reference herein its responses to paragraphs 1 through 13, inclusive.

15-17. Paragraphs 15 through 17 are not applicable to Andrews and therefore no response is required.

18. Andrews realleges and incorporates by reference its responses to paragraphs 1 through 17, inclusive.

19-20. Paragraphs 19 through 20 are not applicable to Andrews and therefore no response is required.

21. Andrews realleges and incorporates by reference herein its responses to paragraphs 1 through 20, inclusive.

22-25. Paragraphs 22 through 25 are not applicable to Andrews and therefore no response is required.

26. Andrews realleges and incorporates by reference herein its responses to paragraphs 1 through 25, inclusive.

27-29. Paragraphs 27 through 29 are not applicable to Andrews and therefore no response is required.

30. Andrews realleges and incorporates by reference herein its responses to paragraphs 1 through 29, inclusive.

31-34. Paragraphs 31 through 34 are not applicable to Andrews and therefore no response is required.

35. Andrews realleges and incorporates by reference herein its responses to paragraphs 1 through 34, inclusive.

36-38. Denied.

39. Andrews realleges and incorporates by reference herein its responses to paragraphs 1 through 38, inclusive.

40-42. Denied.

43. Andrews realleges and incorporates by reference herein its responses to paragraphs 1 through 42, inclusive.

44-46. Denied.

NO PARAGRAPHS 47 THROUGH 55 IN SECOND AMENDED COMPLAINT.

56. Andrews realleges and incorporates by reference herein its responses to paragraphs 1 through 46, inclusive.

57-59. Paragraphs 57 through 59 are not applicable to Andrews and therefore no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Amended Complaint should be dismissed because the Plaintiffs come to Court with unclean hands.

### Third Affirmative Defense

The Plaintiffs have failed to properly mitigate their damages.

### Fourth Affirmative Defense

The Plaintiffs' Amended Complaint is barred by the equitable doctrines of waiver and/or estoppel.

### Fifth Affirmative Defense

Andrews' liability, if any, is exclusively governed by federal law, including but not limited to the Carmack Amendment, and the condition precedent that the Plaintiffs are able to plead a proper claim and meet their burden of proof under the Carmack Amendment. All other causes of action are preempted.

### Sixth Affirmative Defense

Pursuant to 49 U.S.C. § 13907, Andrews is not a proper party as the agent of Day Transfer Company.

WHEREFORE, having fully answered, Defendant, Andrews Express & Storage Warehouse, Inc. prays that the Amended Complaint be dismissed, with each party to bear their own costs.

ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: October 26, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing SECOND AMENDED ANSWER OF DEFENDANT ANDREWS EXPRESS & STORAGE WAREHOUSE, INC. was mailed, postage prepaid, on this 26th day of October, 2005.

James P. Marusak, Esq.
Gidley Sarli & Marusak, LLP
One Turks Head Place
Suite 900
Providence, RI 02903

Thomas Grady, Esq.
Lenihan, Grady & Steele
6 Canal St., P.O. Box 541
Westerly, RI 02891

Joseph R. Palumbo, Jr., Esq.
294 Valley Road
Middletown, RI 02842

George W. Wright, Esq.
GEORGE W. WRIGHT & ASSOCIATES, LLC
Continental Plaza
401 Hackensack Avenue
7th Floor
Hackensack, NJ 07601