UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON YORK and MAUREEN YORK,

Plaintiffs,

v.

DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.,

Defendants,

v.

WILLIAMS MOVING COMPANY,

Third-Party Defendant.

04-551S

C.A. No. 551S

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant DAY TRANSFER COMPANY ("DAY") and third-party defendant, WILLIAMS MOVING COMPANY ("WILLIAMS"), by their attorneys, George W. Wright & Associates, LLC, as and for an Answer to the Second Amended Complaint, allege upon information and belief as follows:

FIRST: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Second Amended Complaint.

SECOND: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Second Amended Complaint.

THIRD: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Second Amended Complaint.

FOURTH: DAY admits that it is a Missouri corporation and is authorized as an interstate household goods motor carrier; but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph "4" of the Second Amended Complaint and defers all questions of law to the Court for determination.

FIFTH: DAY admits the allegations contained in paragraph "5" of the Second Amended Complaint.

SIXTH: Admit that DAY contracted with WILLIAMS and Lone Star and WILLIAMS arranged with APOLLO to provide transportation services with respect to the subject shipment; but except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Second Amended Complaint.

SEVENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Second Amended Complaint.

EIGHTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "8" of the Second Amended Complaint.

NINTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "9" of the Second Amended Complaint.

TENTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Second Amended Complaint and defer all questions of law to the Court for determination.

ELEVENTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Second Amended Complaint and defer all questions of law to the Court for determination.

TWELFTH: Deny the allegations insofar as they relate to DAY and WILLIAMS and deny knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph "12" of the Second Amended Complaint.

THIRTEENTH: Deny the allegations insofar as they relate to DAY and WILLIAMS and deny knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph "13" of the Second Amended Complaint

**COUNT I**

**(Day Transfer & Storage Co. -- Claim Under Carmack Amendment)**

FOURTEENTH: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "13" of the Second Amended Complaint.

FIFTEENTH: DAY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Second Amended Complaint and defers all questions of law to the Court for determination.

SIXTEENTH: DAY denies the allegations contained in paragraph "16" of the Second Amended Complaint and defers all questions of law to the Court for determination.

SEVENTEENTH: DAY denies the allegations contained in paragraph "17" of the Second Amended Complaint and defers all questions of law to the Court for determination.

**COUNT II**

**(Day Transfer & Storage Co. -- Negligence)**

EIGHTEENTH: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "17" of the Second Amended Complaint.

NINETEENTH: DAY denies the allegations contained in paragraph "19" of the Second Amended Complaint and defers all questions of law to the Court for determination.

TWENTIETH: DAY denies the allegations contained in paragraph "20" of the Second Amended Complaint and defers all questions of law to the Court for determination.

**COUNT III**

**(Day Transfer & Storage Co. -- Broker Liability)**

TWENTY-FIRST: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "20" of the Second Amended Complaint.

TWENTY-SECOND: DAY admits that it contracted with WILLIAMS to provide transportation services with respect to the subject shipment; but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the other allegations contained in paragraph "22" of the Second Amended Complaint and defers all questions of law to the Court for determination.

TWENTY-THIRD: DAY denies the allegations contained in paragraph "23" of the Second Amended Complaint and defers all questions of law to the Court for determination.

TWENTY-FOURTH: DAY denies the allegations contained in paragraph "24" of the Second Amended Complaint and defers all questions of law to the Court for determination.

TWENTY-FIFTH: DAY denies the allegations contained in paragraph "25" of the Second Amended Complaint and defers all questions of law to the Court for determination.

**COUNT IV**

**(Apollo Van Lines, Inc. --- Claim Under Carmack Amendment)**

TWENTY-SIXTH: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "25" of the Second Amended Complaint.

TWENTY-SEVENTH: Deny knowledge or information the allegations contained in paragraph "27" of the Second Amended Complaint and defer all questions of law to the Court for determination.

TWENTY-EIGHTH: Deny knowledge or information the allegations contained in paragraph "28" of the Second Amended Complaint and defer all questions of law to the Court for determination.

TWENTY-NINTH: Deny knowledge or information the allegations contained in paragraph "29" of the Second Amended Complaint and defer all questions of law to the Court for determination.

**COUNT V**

**(Apollo Van Lines, Inc.-- Claim for Inducement and Misrepresentation)**

THIRTIETH: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "29" of the Second Amended Complaint.

THIRTY-FIRST: Deny knowledge or information the allegations contained in paragraph "31" of the Second Amended Complaint and defer all questions of law to the Court for determination.

THIRTY-SECOND: Deny knowledge or information the allegations contained in paragraph "32" of the Second Amended Complaint and defer all questions of law to the Court for determination.

THIRTY-THIRD: Deny knowledge or information the allegations contained in paragraph "33" of the Second Amended Complaint and defer all questions of law to the Court for determination.

THIRTY-FOURTH: Deny knowledge or information the allegations contained in paragraph "34" of the Second Amended Complaint and defer all questions of law to the Court for determination.

**COUNT IV**

**(Andrews Express & Storage Warehouse -- Claim Under Carmack Amendment)**

THIRTY-FIFTH: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "34" of the Second Amended Complaint.

THIRTY-SIXTH: Deny knowledge or information the allegations contained in paragraph "36" of the Second Amended Complaint and defer all questions of law to the Court for determination.

THIRTY-SEVENTH: Deny knowledge or information the allegations contained in paragraph "37" of the Second Amended Complaint and defer all questions of law to the Court for determination.

THIRTY-EIGHTH: Deny knowledge or information the allegations contained in paragraph "38" of the Second Amended Complaint and defer all questions of law to the Court for determination.

**COUNT VII**

**(Andrews Express & Storage Warehouse -- Claim for Negligence as Bailee)**

THIRTY-NINTH: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "38" of the Second Amended Complaint.

FOURTIETH: Deny knowledge or information the allegations contained in paragraph "40" of the Second Amended Complaint and defer all questions of law to the Court for determination.

FOURTY-FIRST: Deny knowledge or information the allegations contained in paragraph "41" of the Second Amended Complaint and defer all questions of law to the Court for determination.

FOURTY-SECOND: Deny knowledge or information the allegations contained in paragraph "42" of the Second Amended Complaint and defer all questions of law to the Court for determination.

**COUNT VIII**

**(Andrews Express & Storage Warehouse --
Claim for Negligence in Making Dwelling Uninhabitable)**

FOURTY-THIRD: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "42" of the Second Amended Complaint.

FOURTY-FOURTH: Deny knowledge or information the allegations contained in paragraph "44" of the Second Amended Complaint and defer all questions of law to the Court for determination.

FOURTY-FIFTH: Deny knowledge or information the allegations contained in paragraph "45" of the Second Amended Complaint and defer all questions of law to the Court for determination.

FOURTY-SIXTH: Deny knowledge or information the allegations contained in paragraph "46" of the Second Amended Complaint and defer all questions of law to the Court for determination.

**COUNT IX**

**(Williams Moving Company -- Claim for Common Law Negligence as Broker)**

FOURTY-SEVENTH: Repeat and reiterate each and every admission, denial and denial of knowledge or information as if fully set forth herein at length in response to the allegations of paragraphs "1" though "46" of the Second Amended Complaint.

FORTY-EIGHTH: WILLIAMS denies the allegations contained in paragraph "57" of the Second Amended Complaint and defers all questions of law to the Court for determination.

FORTY-NINTH: WILLIAMS denies the allegations contained in paragraph "58" of the Second Amended Complaint and defers all questions of law to the Court for determination.

FIFTY: WILLIAMS denies the allegations contained in paragraph "50" of the Second Amended Complaint and defers all questions of law to the Court for determination.

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over DAY and WILLIAMS.

**SECOND AFFIRMATIVE DEFENSE**

This action is barred by the relevant limitation period(s).

**THIRD AFFIRMATIVE DEFENSE**

WILLIAMS' liability, if any, is subject to the terms and conditions of the Billing Waiver Agreement, dated April 15, 1998, between DAY and WILLIAMS.

**FOURTH AFFIRMATIVE DEFENSE**

All state law claims against WILLIAMS and DAY are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706.

**FIFTH AFFIRMATIVE DEFENSE**

The Second Amended Complaint fails to state a claim against DAY and WILLIAMS for broker liability on which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

DAY's and WILLIAMS' liability, if any, is subject to the terms and conditions of all relevant transportation and/or storage agreements, including the Bills of Lading and any Tariffs and U.S. Government contracts and regulations incorporated therein.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their alleged damages.

**CROSS-CLAIMS AGAINST DEFENDANTS**

DAY and WILLIAMS, as and for cross-claims against co-defendants, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC., allege:

**COUNT I**

**(Contribution)**

1. DAY and WILLIAMS, while denying negligence, assert that any willful misconduct, fault or negligence was that of co-defendants, APOLLO VAN LINES, INC. and/or ANDREWS EXPRESS & STORAGE WAREHOUSE, INC., and that the liability of DAY or WILLIAMS, if any, was of a derivative or secondary nature and that the liability of co-defendants, APOLLO VAN LINES, INC. and/or ANDREWS EXPRESS & STORAGE WAREHOUSE, INC., was of a primary character, thus giving rise to a duty on the part of said co-defendants to hold DAY and WILLIAMS harmless and to indemnify DAY and WILLIAMS from any loss herein and/or contribute to any judgment in favor of plaintiffs.

WHEREFORE, defendants, DAY and WILLIAMS, hereby demand judgment against co-defendants, APOLLO VAN LINES, INC. and/or ANDREWS EXPRESS & STORAGE WAREHOUSE, INC., for contribution with respect to any and all sums that may be adjudged against DAY and WILLIAMS in favor of plaintiffs, together with interest, costs and counsel fees.

**COUNT II**

**(Indemnification)**

1. By reason of the contractual and/or legal relationship between or among DAY, WILLIAMS and co-defendants, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC., said co-defendants are obligated to defend, indemnify and save harmless DAY and WILLIAMS with respect to the matters alleged in the Second Amended Complaint.

**ANSWER TO CROSS-CLAIMS**

DAY and WILLIAMS deny the allegations against them, or either of them, alleged in any cross-claims by co-defendants.

WHEREFORE, defendant DAY TRANSFER COMPANY and third-party defendant WILLIAMS MOVING COMPANY hereby demand judgment (A) dismissing the Second Amended Complaint and (B) against co-defendants, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC., granting indemnification with respect to any and all sums that may be adjudged against DAY and WILLIAMS in this action, together with interest, costs and counsel fees.

Dated: October 31, 2005

James P. Marusak, Esq.
Attorney for Defendant DAY TRANSFER COMPANY and Third-Party Defendant WILLIAMS MOVING COMPANY

**GIDLEY SARLI & MARUSAK, LLP**
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644

-and-

George W. Wright, Esq.
GEORGE W. WRIGHT & ASSOCIATES, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601
(201) 342-8884

**CERTIFICATION**

I hereby certify that I caused a true and accurate copy of the within document to be served upon the following counsel of record on this 31st day of October, 2005:

Attorney Sarah L. Fifield
40 Broad Street, Suite 2000
New York, NY 10004

Thomas C. Plunkett, Esq.
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903

Joseph R. Palumbo, Jr., Esq.
294 Valley Road
Middletown, RI 02842

Thomas L. Grady, Esq.
Lenihan, Grady & Steel
6 Canal Street
P.O. Box 541
Westerly, RI 02891

Robert K. Taylor, Esq.
Attorney Carolyn P. Medina
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903

Karen Ciccone