UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON YORK and<br>MAUREEN YORK | : | C.A. 04-551S |
| v. | : | |
| DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC. | : | |

***ANSWER OF CO-DEFENDANT, APOLLO VAN LINES, INC. TO THE CROSS-CLAIMS OF WILLIAMS MOVING COMPANY AND DAY TRANSFER COMPANY***

RESPONSE TO CROSSCLAIM (Contribution) Count I

Now comes the Defendant, Apollo Van Lines, Inc. (hereinafter Apollo) in the above-entitled matter and files this its Answer to the Cross-Claim of Williams Moving Co. (hereinafter Williams) and Day Transfer Company (hereinafter Day) against Apollo Van Lines, Inc. for Count I contribution and states as follows:

1. To the extent that it may be applicable the Defendant Apollo Van Lines, Inc. (Apollo) hereby incorporates by reference all of the provisions of the Answer and Affirmaative Defenses of Defendant, Apollo Van Lines, Inc. in response to Plaintiff's Second Amended Complaint;

2. The cross-claim of Williams Moving Company and Day Transfer Company fails to state a claim against Apollo Van Lines, Inc. upon which relief may be granted;

3. The allegations of the cross-claim of Williams Moving Company and Day Transfer against Defendant Apollo Van Lines, Inc. state conclusions of law to which no response is required. To the extent facts are alleged against Apollo Van Lines, Inc., they are denied.

4. The Defendant Apollo Van Lines, Inc. denies that any of the loss or damage to plaintiffs' household goods as alleged by Plaintiffs occurred while Plaintiffs' goods were in the custody of Apollo Van Lines and therefore bears no liability for the loss.

5. The Defendant Apollo Van Lines, Inc. denies that any negligence, acts, omissions, and/or breaches of duty on its part were the proximate cause of any damages suffered by the Plaintiffs in this matter.

6. The Defendant Apollo Van Lines, Inc. denies each and every allegation as setforth in response to Cross-Claim paragraph 1 of the Cross-Claim against Defendant Apollo Van Lines by Williams Moving Company and Day Transfer Company.

***AFFIRMATIVE DEFENSES (Contribution) Count I***

1. The Defendant Apollo Van Lines, Inc. is not liable to Third-Party Defendant, Williams Moving Company and/or Day Transfer Company for all or any portion of a verdict or judgment by reason of contribution against Williams Moving Company and/or Day Transfer Company for loss or damage to Plaintiffs' household goods because none of said loss or damage occurred while said goods were in the custody of Apollo Van Lines, Inc.

2. Defendants Day Transfer Company and Williams Moving Company have no claim of contribution against Apollo Van Lines, Inc. because Plaintiffs have no common liability against Apollo, Williams and Day.

3. Defendant Day and Williams have no claim of contribution against Apollo because there has been no determination of Joint Tortfeasor's Liability under R.I.G.L. 10-6-4, a condition precedent to the establishment of a claim for contribution.

WHEREFORE, Defendant, Apollo Van Lines, Inc. demands judgment against Cross-Claimant Williams Moving Company and Day Transfer Company on all of its claims, dismissing

the Cross-Claim with prejudice, together with judgment in favor of Apollo Van Lines, Inc. and granting costs and such other relief as the Court may deem equitable and just.

RESPONSE TO CROSS-CLAIM (Indemnity) Count II

Now comes the Defendant, Apollo Van Lines, Inc. in the above-entitled matter and files this its Answer to the Cross-Claim of Williams Moving Company and Day Transfer Company against Apollo Van Lines, Inc. for indemnity and states as follows:

1. Defendant hereby incorporates by reference from paragraphs 1 – 6 of it's Answer to response to Williams and Day's Cross-claim, as if herein setforth in full.

***AFFIRMATIVE DEFENSES (Indemnity) Count II***

1. The Defendant Apollo Van Lines, Inc. is not liable to Third-Party Defendant Williams Moving Company and Defendant Day Transfer Company for all or any portion of a verdict or judgment by reason of indemnity against Williams Moving Company and/or Day Transfer Company for loss or damage to Plaintiffs' household goods because none of said loss or damage occurred while said goods were in the custody of Apollo Van Lines, Inc.

2. Defendant Apollo Van Lines, Inc., as prospective indemnitor, has committed no wrongful acts to have caused such liability to be imposed, and therefore Apollo cannot be liable to Day and/or Williams in the theory of common law indemnity because prospective indemnitor is no more responsible for the injury than the indemnitee.

3. The Hauling Agreement between Williams and Apollo will not be construed to indemnify Williams, the purported indemnitee for losses resulting from Williams negligent acts, or otherwise, because the parties' intention to hold harmless is not clearly and unequivocably expressed in the contract and therefore the Williams exculpatory – indemnification clause is unenforceable as a matter of law.

WHEREFORE, Defendant Apollo Van Lines, Inc. demands judgment against Third-Party Defendant, Williams Moving Company and Day Transfer Company on all of its claims, dismissing the Cross-Claim with prejudice, together with judgment in favor of Apollo Van Lines, Inc. and granting costs and such other relief as the Court may deem equitable and just.

***CROSS-CLAIM AGAINST WILLIAMS MOVING COMPANY (Common Law Indemnity and/or Contribution***

Apollo Van Lines, Inc., as and for its cross-claims against Third-Party Defendant, Williams Moving Company alleges:

1. Apollo Van Lines, Inc., while denying negligence, asserts that any material willful misconduct, fault or negligence resulting in damage to Plaintiffs was that of Third-Party Defendant, Williams Moving Company and that the liability of Apollo Van Lines, Inc., if any at all, was of a derivative or secondary nature and that the liability of Third-Party Defendant, Williams Moving Company, was of a primary character, thus giving rise to a duty on the part of said Third-Party Defendant Williams Moving Company, to hold Apollo Van Lines, Inc. harmless and to indemnify Apollo Van Lines, Inc. from any loss or damage herein and/or contribution to any judgment in favor of Plaintiffs.

2. By reason of the contractual and/or legal relationship between Apollo Van Lines, Inc. and Third-Party Defendant, Williams Moving Company, said Third-Party Defendant, Williams Moving Company is obligated to defend, indemnify and save harmless Apollo Van Lines, Inc. with respect to the matters alleged in the Third-Party Complaint.

3. Williams and/or Day are Joint Tortfeasors against whom Apollo seeks contribution for their pro rata share of disproportionate fault of the common liability to the Plaintiffs.

WHEREFORE, Defendant, Apollo Van Lines, Inc., hereby demands judgment against Third-Party Defendant, Williams Moving Company and/or Day Transfer Company with respect to any and all sums that may be adjudged against Apollo Van Lines, Inc. in favor of Plaintiff, together with interest, costs and counsel fees.

Attorney for Apollo Van Lines:

Thomas J. Grady, Esq. #1005
Lenihan, Grady & Steele
6 Canal Street, P.O. Box 541
Westerly, RI 02891
401-596-0183
Fax 401-596-6845

***CERTIFICATION OF NOTICE***

I hereby certify that a copy of the foregoing Answer was forwarded, via U.S. First Class Mail this 9th day of November 2005 to **Robert K. Taylor, Esq**., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903; **Joseph R. Palumbo, Jr.**, Esq., 294 Valley Road, Middletown, RI 02842; **James P. Marusak, Esq**., Gidley, Sarli & Marusak, LLP, One Turks Head place, Suite 900, Providence, RI 02903 and **George W. Wright, Esq**. George W. Wright & Associates, LLC, Continental Plaza, 401 Hackensack Avenue, 7th Floor, Hackensack, NJ 07601.