UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON YORK and MAUREEN YORK,<br><br>Plaintiffs,<br><br>v.<br><br>DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.,<br><br>Defendants,<br><br>v.<br><br>WILLIAMS MOVING COMPANY,<br><br>Third-Party Defendant. | C.A. No. 04-551S |

**MOTION OF DEFENDANT, DAY TRANSFER COMPANY AND THIRD PARTY DEFENDANT, WILLIAMS MOVING COMPANY, FOR EXPEDITED ORDER AUTHORIZING AND DIRECTING NON-PARTY DEPOSITION**

The Defendant, Day Transfer Company, and Third Party Defendant, Williams Moving Company, hereby move for an expedited order authorizing and directing the deposition of a non-party witness, George Fitzpatrick, pursuant to F.R.C.P. 26(b)(1) and 32 C.F.R. Section 97.6(c)(5) (governing discovery requests directed to Department of Defense representative witnesses.)

As grounds therefore, the movants incorporate herein the attached memorandum, affidavit and exhibits thereto.

Respectfully submitted,

James P. Marusak, Esq.
Attorney for Defendant DAY TRANSFER COMPANY and Third-Party Defendant WILLIAMS MOVING COMPANY

**GIDLEY SARLI & MARUSAK, LLP**
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644

-and-

George W. Wright, Esq.
GEORGE W. WRIGHT & ASSOCIATES, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601
(201) 342-8884

**CERTIFICATION OF SERVICE**

I hereby certify that I caused a true and accurate copy of the within to be served upon the following counsel of record on this 17th day of April, 2006:

Joseph R. Palumbo, Jr., Esq.
Attorney for Plaintiffs
294 Valley Road
Middletown, RI 02842

William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER, LLP
Attorneys for Defendant
APOLLO VAN LINES, INC.
1500 Fleet Center
Providence, RI 02903

Robert K. Taylor, Esq.
Carolyn P. Medina, Esq.
PARTRIDGE, SNOW & HAHN LLP
Attorneys for Defendant
ANDREWS EXPRESS AND WAREHOUSE, INC.
180 South Main Street
Providence, RI 02903

George W. Wright, Esq.
GEORGE W. WRIGHT & ASSOCIATES, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601

[signature]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON YORK and MAUREEN YORK,<br><br>Plaintiffs,<br><br>v.<br><br>DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.,<br><br>Defendants,<br><br>v.<br><br>WILLIAMS MOVING COMPANY,<br><br>Third-Party Defendant. | C.A. No. 04-551S |

**MEMORANDUM IN SUPPORT OF DEFENDANT, DAY TRANSFER COMPANY AND THIRD PARTY DEFENDANT, WILLIAMS MOVING COMPANY'S MOTION FOR EXPEDITED ORDER AUTHORIZING AND DIRECTING NON-PARTY DEPOSITION**

For the reasons stated in the attached affidavit of George Wright, the undersigned movants seek to depose a Department of Defense representative, George Fitzpatrick, in Texas on May 1, 2006.

The Department of Defense has not objected to facilitating the deposition, however, a departmental supervisor with necessary authority has not yet formally approved of the deposition as required by 32 C.F.R. Sections 97.6(c) and 516.34-40.

The discovery deadline in this case has been extended for the final time to May 14, 2006 by Court Order. The movants (and, absent the supervisor's approval, the Department of Defense) accordingly require an appropriate Order directing that the requested discovery be

complied with notwithstanding the inability to secure timely approval from an appropriate Department supervisor as contemplated by 32 C.F.R. Section 97.6(c)(5). That section provides that a court of competent jurisdiction may "order that the request or demand must be complied with notwithstanding the final decision of the appropriate Department of Defense official." Id.

The movants assert that F.R.C.P. 26(b)(1), construed in conjunction with 32 C.F.R. Section 97.6(c)(5), provides this court with the authority to authorize and direct the deposition in a timely and expedited fashion.

Rule 26(b)(1) F.R.C.P. provides, in pertinent part, as follows:

> Parties may obtain discovery . . . of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

As indicated in the attached affidavit, the discovery sought is discoverable and relevant. An order directing the attendance of Mr. Fitzpatrick in accordance with the dictates of 32 C.F.R. Section 97.6(c)(5) and F.R.C.P. 26(b)(1) is therefore appropriate.

The movants accordingly pray that their motion for an expedited order in the form attached be granted accordingly.

Respectfully submitted,

James P. Marusak, Esq.
Attorney for Defendant DAY TRANSFER COMPANY and Third-Party Defendant WILLIAMS MOVING COMPANY
**GIDLEY SARLI & MARUSAK, LLP**
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644

-and-

George W. Wright, Esq.
GEORGE W. WRIGHT & ASSOCIATES, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601
(201) 342-8884

**CERTIFICATION OF SERVICE**

I hereby certify that I caused a true and accurate copy of the within to be served upon the following counsel of record on this 17th day of April, 2006:

Joseph R. Palumbo, Jr., Esq.
Attorney for Plaintiffs
294 Valley Road
Middletown, RI 02842

William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER, LLP
Attorneys for Defendant
APOLLO VAN LINES, INC.
1500 Fleet Center
Providence, RI 02903

Robert K. Taylor, Esq.
Carolyn P. Medina, Esq.
PARTRIDGE, SNOW & HAHN LLP
Attorneys for Defendant
ANDREWS EXPRESS AND WAREHOUSE, INC.
180 South Main Street
Providence, RI 02903

George W. Wright, Esq.
GEORGE W. WRIGHT & ASSOCIATES, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601

[signature]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON YORK and MAUREEN YORK,<br><br>Plaintiffs,<br><br>v.<br><br>DAY TRANSFER COMPANY, APOLLO VAN LINES, INC. and ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.,<br><br>Defendants,<br><br>v.<br><br>WILLIAMS MOVING COMPANY,<br><br>Third-Party Defendant. | C.A. No. 04-551S<br><br>**SUPPORTING AFFIDAVIT** |

STATE OF NEW JERSEY)
SS:
COUNTY OF BERGEN)

GEORGE W. WRIGHT, being duly sworn, deposes and says:

1. I am pro hac vice co-counsel for defendant DAY TRANSFER COMPANY and third-party defendant WILLIAMS MOVING COMPANY in this action. I make this Affidavit in support of said defendants' motion for an expedited Order compelling the deposition of non-party witness Mr. George Fitzpatrick, Deputy Director of the Department of Defense's (DOD's) Joint Personal Property Shipping Office (JPPSO) located at 613 Northwest Loop 410, Suite 400, San Antonio, Texas 78216-5518.

2. The subject of this action is the interstate transportation of plaintiffs' household goods and effects from Texas to Rhode Island pursuant to Government Bill of Lading No. ZY-711231, dated May 18, 2004 ("GBL"), a copy of which is annexed hereto as Exhibit "A".

3. The GBL recites that it was issued by the JPPSO's San Antonio office when the subject shipment was booked with DAY TRANSFER.

4. In response to our informal requests to the Department of the Army's Office of the Staff Judge Advocate for the depositions of DOD representatives Ms. Rosalinda Kagebein and Mr. George Fitzpatrick, we received a letter, dated March 14, 2006, from the Staff Judge Advocate instructing us to file a written request for the depositions pursuant to 32 C.F.R. Sections 97.6(c) and 516.34-40. A copy of the Staff Judge Advocate's letter, dated March 14, 2006, is annexed hereto as Exhibit "B".

5. In compliance with the Staff Judge Advocate's letter (Exhibit "B"), we forwarded a letter, dated March 15, 2006, to that Office confirming our request for the depositions of Mr. Fitzpatrick and Ms. Kagebein. A copy of our letter, dated March 15, 2006, is annexed hereto as Exhibit "C".

6. In response to our March 15, 2006 letter (Exhibit "C"), the Army Staff Judge Advocate advised us that Ms. Kagebein would be produced, but that Mr. Fitzpatrick is a civilian employee of the U.S. Air Force and, thus, we would have to direct our request for his deposition to the Office of the Staff Judge Advocate at Randolph Air Force Base in San Antonio, Texas.

7. Accordingly, we forwarded a letter, dated March 27, 2006, to the Office of the Staff Judge Advocate at Randolph Air Force Base requesting Mr. Fitzpatrick's deposition. A copy of our letter, dated March 27, 2006, is annexed hereto as Exhibit "D".

8. Since forwarding our March 27, 2006 letter (Exhibit "D"), the Air Force Office of the Staff Judge Advocate has advised that our request for Mr. Fitzpatrick's deposition is still under consideration and that the involved Staff Judge Advocate officer is attempting to identify an Air Force representative with authority to approve the deposition.

9. To date, our request for Mr. Fitzpatrick's deposition is still pending and unresolved, although we have scheduled the depositions of both Ms. Kagebein and Mr. Fitzpatrick in San Antonio on Monday, May 1, 2006.

10. The Court has scheduled a final discovery deadline for May 14, 2006.

11. Pursuant to 32 C.F.R. Section 97.6(c)(5), the DOD's regulations governing litigation discovery requests provide that a court of competent jurisdiction may "... order[] that the request or demand must be complied with notwithstanding the final decision of the appropriate DoD official ..."

12. In view of the approaching discovery completion date and the confirmed scheduling of Ms. Kagebein's deposition at Fort Sam Houston in San Antonio on May 1, 2006, DAY TRANSFER and WILLIAMS MOVING respectfully request that the Court issue an Order directing the DOD and its representative Mr. George Fitzpatrick to comply with defendants' written request for his deposition on the same date and at the same location.

George W. Wright

GEORGE W. WRIGHT

Sworn to before me this
14th day of April, 2006

Pamela Saw

An Attorney-at-Law of the
State of New Jersey