# EXHIBIT "B"

DEPARTMENT OF THE ARMY
HEADQUARTERS, U. S. ARMY MEDICAL DEPARTMENT CENTER AND SCHOOL
AND FORT SAM HOUSTON
FORT SAM HOUSTON, TEXAS 78234-5014

March 14, 2006

REPLY TO
ATTENTION OF

MAR 20 2006

Office of the Staff Judge Advocate

Mr. Parmar Narinder
George W. Wright & Associates, LLC
Continental Plaza
401 Hackensack Avenue
Hackensack, New Jersey 07601

Re: York v. Day Transfer, et al.

Dear Mr. Narinder,

We have learned that you requested information regarding a deposition of Ms. Rosalinda Kagebein, an employee of the Fort Sam Houston Transportation Office, as part of litigation pertaining to damage of household goods while in storage.

Under 32 C.F.R. 97.6(c), 516.35, and 516.40, the Army must authorize the appearance of its personnel or the production of official documents in private litigation. In this case, the Army cannot authorize Ms. Kagebein to appear or produce any documents absent the following:

Mr. Wright must request in writing the appearance of Ms. Kagebein's in accordance with Department of Defense directives, 32 C.F.R. 97.6(c), and Army regulations, 32 CFR 516.34 – 516.40. The request must include the nature of the proceeding, 32 CFR 516.34(b), and the nature and relevance of the official information sought. *Id.* 516.35(d). We cannot act on your request until we receive the required information. *See, for example, United States ex. Rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil Co. v. Downie*, 832 F.2d 67 (4th Cir. 1989); *United Staets v. Bizzard*, 674 F.2d 1382 (11th Cir. 1982); *United States v. Marino*, 658 F.2d 1120 (6th Cir. 1981); *United Staets v. Allen*, 554 F.2d 398 (10th Cir. 1977).

In addition to the above requirements, Ms. Kagebein's supervisor must approve her absence from duty. *See* 32 CFR 516.50. In this regard, we suggest Mr. Wright interview Ms. Kagebein at Fort Sam Houston. In any event, however, Mr. Wright or his client must pay all travel expenses, as this is purely private litigation and witness' appearance must be at no expense to the United States. *See id.* 516.78.

Finally, if an interview of Ms. Kagebein is conducted, Ms. Kagebein may only give factual testimony. She may not testify or give information as an opinion or expert witness. This limitation is based on Department of Defense and Army policy that generally prohibits Government employees from appearing as an expert witness in private litigation. *See id.* 97.6(e), 516.49.

Our sole concern in this matter is to protect the interest of the United States Army; the Army will not block access to witnesses or documents to which you are lawfully entitled. I have furnished a copy of this letter to Ms. Kagebein's supervisor, Mr. Jerry Rogers. If you have any questions, please call CPT Brian Underdahl at 210-221-1973.

Sincerely,

Brian W. Underdahl
Captain, U.S. Army
Chief, Claims Division

Copy Furnished:
Mr. Jerry Rogers