UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80160-CIV-MIDDLEBROOKS/JOHNSON

UNITED VAN LINES, LLC,

Plaintiff,

vs.

BURT WEISBERG and
ELAINE WEISBERG

Defendants.

FILED by ___ D.C.
JUN
CLARENCE ... CLERK U.S. ... S.D. OF FLA. ... W.P.B.

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNT II OF DEFENDANTS' COUNTERCLAIM**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Count II of Defendants' Counterclaim (DE 16) filed on April 12, 2004 (the "Motion"). The Court has reviewed the Motion and is otherwise fully informed of the premises.

**Factual Background**

This action commenced on February 20, 2004 when United filed a Complaint for Declaratory Judgment (the "Complaint") pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706 (the "Carmack Amendment") for a declaration of its rights and liabilities related to moving Defendants and their household furnishings. At some point in June of 2003, the Defendants, Burt and Elaine Weisberg (the "Weisbergs"), contracted with United for transportation of their household goods from Illinois to Florida pursuant to Bill of Lading No. 169-2559-3 (the "Bill of Lading"). On June 17, 2003, the Weisbergs acknowledged delivery, but apparently some of their furnishings had been damaged, and so in August of 2003,

they submitted a claim to United relating to the alleged damages. At some point thereafter, United undertook to make repairs on some of the damaged goods which goods were either then lost or destroyed.

United filed the Complaint in this action seeking to ascertain its rights and liabilities under the Bill of Lading. The Weisbergs filed an answer and a Counterclaim for: (1) Count I - relief under the Carmack Amendment; and (2) Count II seeking monetary damages under common-law conversion for the loss/destruction of their property after the move. The Motion asserts that Count II is preempted by the Carmack Amendment and should therefore be dismissed. The Weisbergs assert that United's undertaking of repairs is a separate contractual undertaking not related to the first move at all, and that therefore, Carmack preemption is inapplicable.

<u>**Legal Standard**</u>

For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). It is well-settled that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, in ruling on the motion to dismiss, the Court should ignore those allegations that contain no more than opinions or legal conclusions. *See South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996).

"In determining whether to grant a Rule 12(b)(6) motion, the Court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the

record of the case, and exhibits attached to the complaint, also may be taken into account." *Watson v. Bally Mfg. Corp.*, 844 F. Supp. 1533, 1535 n. 1 (S.D. Fla. 1993), *aff'd*, 84 F.3d 438 (11th Cir. 1996), *citing to*, 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 299 (1990). Where the plaintiff has referred to certain documents in the complaint that are "central to the plaintiff's claim," the Court "may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require the conversion of the motion into a motion for summary judgment." *Brooks*, 116 F.3d at 1369. It is from this point that we begin our analysis.

Discussion

It is well established that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, is preemptive of all state law remedies in relation to goods shipped in interstate commerce. On this Plaintiff and Defendants agree.[1] Where the dispute exists, however, is in the definition of "relation to goods shipped in interstate commerce." Simply put, Plaintiff asserts that the Weisbergs' claim for conversion is directly related to the shipment of their goods in interstate commerce, and that therefore, a claim for conversion is preempted. The Weisbergs assert that the conversion claim arises out of circumstances unrelated and distinct from the shipment of their furnishings, and do not fall within the preemptive reach of the Carmack Amendment.

[1] "While the Weisbergs do not dispute that the Carmack Amendment . . . governs their loss as it concerns their *shipment and transportation* of their household goods . . . , [they] contend that [the Amendment] does not preempt conduct which occurs *after the shipment was completed*. (Defs' Mem. in Resp. at 2).

Specifically, in Count II the Weisbergs, seek damages for losses they allegedly suffered when United's adjuster, a Mr. Jeff Sonin, took possession of some of their property which had been damaged in the move in an effort to have it repaired, and then lost or destroyed it. The Weisbergs claim that this loss was a separate harm which is independent from the loss or damage to their household goods during shipment and transportation.

Carmack preemption in the Eleventh Circuit is governed by *Smith v. United Parcel Service*, 296 F.3d 1244 (11th Cir. 2002) and is interpreted very broadly. Under *Smith*, "only claims based on conduct separate and distinct from the delivery, loss of, or damage to goods escape [Carmack Amendment] preemption." *Id.* at 1249. In *Smith*, the plaintiffs had had an altercation with their customary UPS delivery driver, and thereafter, UPS refused to deliver directly to them resulting in a myriad of complaints and inconveniences to the Smiths. UPS allegedly made promises to the Smiths to arrange for alternative delivery of their goods, but such alternative means were never adopted. The Smiths asserted that the promise to institute alternative delivery procedures was a separate and distinct conduct removing their claims from the purview of Carmack preemption. The Eleventh Circuit, however, disagreed because the crux of each of their claims was that UPS had failed to provide them with the transportation or delivery of goods as promised. As such, they fell squarely withing the preemption coverage of the Carmack Amendment.

In this case, there is virtually no basis for finding that the Weisbergs claims are any different than the Smiths. What is essentially at issue is the Weisbergs dissatisfaction with the condition that their goods were delivered in. United's failed attempt at repair and/or replacement, although temporally removed by a period of five months clearly relates to "any part

of the agreed transportation." Accordingly, it is

ORDERED and ADJUDGED that the Motion (DE 16) be and is hereby GRANTED. Count II of the Defendants' Counterclaim is dismissed with prejudice.

DONE and ORDERED in Chambers, at West Palm Beach, Florida, this 2 day of June 2004.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Lawrence J. Roberts, Esq.
David S. Farber, Esq.