# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON YORK AND
MAUREEN YORK

v. C.A. NO. 04-551 S

DAY TRANSFER COMPANY,
APOLLO VAN LINES, INC. AND
ANDREWS EXPRESS & STORAGE
WAREHOUSE, INC.

v.

WILLIAMS MOVING COMPANY

**DECLARATION OF MICHAEL JOHNSON**

# DECLARATION OF MICHAEL JOHNSON

My name is Michael Johnson. I am Claims Manager and Quality Control Manager of Apollo Van Lines, Inc., of Rodeo, California. I submit this Declaration in support of Apollo's Motion for Summary Judgment.

Apollo Van Lines (Apollo) is a motor carrier of household goods in interstate commerce operating under a certificate subject to the jurisdiction of the Federal Motor Carrier Safety Administration (FMCSA). In this capacity, Apollo is a participant in the domestic Personal Property Program administered by the Surface Deployment and Distribution Command (SDDC) and is engaged principally in the transportation of household goods of military personnel and their families both as a motor carrier in its own name, and as a connecting carrier hauling shipments of other participants in the SDDC program.

The York shipment was tendered to Day Transfer Company (Day) as a participant in the SDDC program. In the SDDC Personal Property Program, SDDC solicits qualified carriers to submit rates for the transportation of household goods of service members pursuant to the terms of the solicitation. Shipments are tendered to carriers pursuant to their filed rates by issuance of a Government Bill of Lading (GBL) which incorporates the terms of the solicitation by reference. The solicitation in effect at the time of the York shipment was Domestic Rate Solicitation D-8.

The York shipment was tendered to Day pursuant to GBL No. ZY-711231, which designated Day as the carrier. Block 31 of the GBL contains the reference "RSD-8 160%". That reference incorporates Domestic Rate Solicitation D-8 which contains the terms of the procurement which govern the Yorks' shipment. As relevant, Solicitation D-8, Items 306 and 308 provide for carrier liability limited to $1.25 per pound times the net shipment weight unless the GBL is annotated to show a higher valuation of carrier liability. Solicitation D-8 Items 415 and 416 provide the requirements for increasing the carrier liability to more than $1.25 per pound. GBL No. ZY-711231 does not contain any annotation increasing the carrier liability.

Apollo was tendered the York shipment on behalf of Day by Williams Moving Company (Williams), pursuant to a hauling agreement between Williams and Apollo. Apollo's driver picked up the shipment at the Yorks' residence at Schertz, Texas on June 4, 2004, at which time Apollo prepared an inventory of the Yorks' household goods which shows, by annotation the pre-existing damage to the household goods at the time of pickup. This inventory was signed by Major York and Apollo's driver, Tracey Keller. No mold, mildew or water damage is shown on that inventory.

Apollo transported the York shipment from Schertz, Texas to Rhode Island. Upon arrival in Rhode Island, Apollo was directed by the Transportation Officer at

the Newport Naval Air Station to deliver the shipment to Andrews Express & Storage Warehouse Company for storage-in-transit. On June 16, 2004, H. Zambrano, a representative of Andrews, and Apollo's driver, Tracey Keller, jointly executed an Exception Sheet which shows the then existing damage to plaintiffs' household goods. This Exception Sheet does not show that the Yorks' household goods had sustained any mold, mildew or water damage at the time Andrews took custody of plaintiffs' household goods. After transfer of custody of the Yorks' shipment to Andrews, Apollo had no further involvement with the Yorks' household goods.

Apollo maintains it is not liable either to the Yorks, to Day or to Williams because none of the mold, mildew or water damage claimed occurred while the Yorks' household goods were in the possession of Apollo Van Lines.

I hereby declare under penalty of perjury that the foregoing is true and correct.

[signature] 3/3/06

Michael Johnson