# EXHIBIT 13

MIDWEST LITIGATION SERVICES

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON YORK AND MAUREEN YORK
VS.
DAY TRANSFER COMPANY, ET AL.

C.A. No. 04-551S

DEPOSITION OF RICK WILLIAMS
DECEMBER 19, 2005

COPY

OFFICES MISSOURI ■ ILLINOIS ■ KANSAS

HEADQUARTERS: 711 NORTH ELEVENTH STREET, ST. LOUIS, MISSOURI 63101

800.280.3376

Q Okay. Have you ever obtained any facts that would lead you to believe that any part of the damage to the shipment occurred when the shipment was within the control of Apollo Van Lines? Physical control?

A That any of the --

Q Damage to the shipment.

A Yes.

Q Okay.

A There is -- there is reasons to believe that some damage occurred to it while Apollo had control of the shipment.

Q And what was the nature of the damage that you believe occurred?

A It would be on the rider to inventory that's in the file.

Q Okay. You mean the -- would that be in the -- that wouldn't be the exception report, or whatever it's called, filled out at the Andrews --

A Yes. Filled out at Andrews.

Q So that would reflect damage that occurred during the shipment itself? During the hauling?

A It would reflect that -- either

that damage had occurred or that the driver had failed to detect the damage at origin. Either way, that they would be responsible for that damage.

Q Did you have any reason to believe that any water damage --

A No.

Q -- was sustained during that -- during the hauling part of this shipment?

A No reason.

Q By Apollo.

A No. No reason.

Q (BY MR. PALUMBO) Okay. That's all I have. Oh, one other thing just because it was marked.

I want to show you this document, which I hadn't shown you before, Plaintiff's Exhibit 10 for ID. Just take a quick look at it, if you would. Have you ever seen that before?

A No, I haven't.

MR. PALUMBO: Okay. Thank you. Thank you.

MR. TAYLOR: I have a few follow-up questions.

THE WITNESS: Sure.