# DOMESTIC PERSONAL PROPERTY RATE SOLICITATION D-8 FOR INTERSTATE AND INTRASTATE

***THIS SOLICITATION CANCELS AND SUPERCEDES RATE SOLICITATION D-7***

*DESCRIBING SPECIFICATIONS AND SERVICES FOR SHIPMENT OF DEPARTMENT OF DEFENSE (DoD) SPONSORED PERSONAL PROPERTY MOVING BETWEEN POINTS WITHIN THE UNITED STATES-EXCEPT HAWAII*

HQ, MILITARY TRAFFIC MANAGEMENT COMMAND
DCS FOR PASSENGER AND PERSONAL PROPERTY
PERSONAL PROPERTY DIVISION=MTPP-PP-R
200 STOVALL STREET, HOFFMAN BUILDING II
ALEXANDRIA, VA. 22332-500

*EFFECTIVE- 01 NOVEMBER 2003*

**DOMESTIC PERSONAL PROPERTY RATE SOLICITATION D-8**

f. When professional books, papers, and equipment (PBP&E) are included as part of the shipment, the weight of such articles shall be annotated separately on the BL; the weight may be obtained using bathroom or platform-type scales. In the event scales are not readily available, a constructive weight of 40 pounds per cubic foot may be used for PBP&E. When a constructive weight is used for PBP&E, the symbol (C) shall be inserted by the carrier/agent after the weight to indicate a constructive weight was used.

ITEM 304. **LIMITATION OF ACTION**

a. All claims and actions at law by the issuing carrier for recovery of its charges on shipments subject to the provisions of this rate solicitation will be filed within three years (not including any time of war) from the date of:

(1) Final delivery of the property,

(2) Payment of the transportation charges thereon,

(3) Subsequent refund of excess charges, or

(4) Deduction of such excess charges from carrier's account, whichever is later.

b. If the limitation of actions set forth in this item is breached by the Government by the filing of claim or action at law (other than by mistake or inadvertence) at a time other than stated in this item, this item will be of no force and effect and will be void ab initio.

ITEM 305. **RESERVED FOR FUTURE USE**

ITEM 306. **LIMITATION OF CARRIER LIABILITY**

a. Rates and charges in this rate solicitation apply to a released value of $1.25 times the net weight of the shipment (in pounds) unless otherwise stated on BL. No additional payment shall be authorized for valuation, other than that shown in Item 415 or Item 416, when additional coverage is requested.

b. The carrier accepts property for shipment on the BL under the following terms and conditions:

(1) Carrier's legal liability for loss or damage to goods shall be the same as set forth in the Interstate Commerce Act (Title 49, U.S.C. 14706) (in conformity with the rules of the Surface Transportation Board), limited to the amount declared by the shipper times the net weight (in pounds) of the shipment.

(2) When the cost of repair, replacement, or actual cash value of the item (less depreciation and salvage) at the time and place of loss or damage is less than the carrier's liability, as provided in paragraph a above, the carrier shall be liable for the lesser amount.

(3) The carrier reserves the right to decline articles prohibited by law or regulatory body or which are injurious or contaminating to the shipment. The carrier shall be liable for loss or damage resulting from non-observance hereof.

(4) Carrier is not responsible for loss or damage caused by:

(a) Act of God, public authority, or negligence of the owner, and/or owner's agent.

(b) Hostile or warlike action in the time of peace or war, including action in hindering, combating, or defending against an actual, impending, or expected attack:

1 By any government or sovereign power (de jure or de facto), or by an authority maintaining forces.

2 By any agent or any such government, power, authority, or forces.

3 Contamination attributable to effects of radioactive or fissionable materials.

(c) Any weapon of war employing atomic fission or radioactive force in time of peace or war.

(d) Insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such occurrence, seizure, or destruction, under quarantine or Customs regulations, confiscation by order of any government or public authority, or risks or contraband or illegal transportation or trade.

(e) Strikes, lockouts, labor disturbances, riots, civil commotion, acts of person or persons taking part in such occurrence or disorder.

(f) Inherent vice of the article or infestations by mollusks, arachnids, crustaceans, parasites, or other types of pests; fumigations or decontamination when not the fault of the carrier.

(g) The burden of proof shall be on the carrier to show that the loss or damage was caused by the excepted conditions which relieve it of liability.

(5) The carrier shall not be liable for intangible property, stamps, coins, bank notes, or securities, nor for the intrinsic or sentimental value of an item.

(6) The carrier shall be liable, only to the extent of its stated liability, for small items of extraordinary value such as expensive cameras, watches, jewelry, and furs.

(7) The carrier shall not be liable for pre-existing damage indicated in the inventory.

(8) The carrier shall be liable for concealed damage caused by the carrier, or when any visible damage to the container is noted, or when the entire contents (or a portion thereof) are lost, either while in transit, storage-in-transit, or when delivered by the carrier at destination.

(9) Carrier may, at its option, require proof of loss or damage claimed.

ITEM 307. **CLAIMS**

a. Claims in Writing Required. A claim for loss or damage shall not be voluntarily paid by a carrier unless filed in writing, as provided below, with the carrier.

b. Carrier Inspection of Loss or Damage:

(1) Upon delivery by the carrier, all loss or damage to the household goods shall be noted on the DD Form 1840 and on the inventory form. For loss or damage discovered later, including that involving packed items for which unpacking has been waived in writing, written documentation (DD Form 1840R) advising the carrier of loss or damage discovered later, dispatched not later than 75 days following delivery, shall be accepted by the carrier as overcoming the presumption of the correctness of the delivery receipt.

(2) The carrier's failure to provide DD Form 1840, and to have proof thereof, shall eliminate any requirement for notification to the carrier. Written notice, using DD Form 1840 and 1840R, is not required by the carrier, in the case of major incidents, described by paragraph 32 of the Tender of Service, which requires the carrier to notify HQMTMC and appropriate PPSOs of the details of fires, pilferage, vandalism, and similar incidents which produce significant loss, damage, or delay.

(3) Loss or damage to household goods discovered more than 75 days after the date of delivery shall be presumed not to have occurred while the goods were in possession of the carrier unless good cause for the delay is shown, such as the officially recognized absence or hospitalization of the service member at the site of the delivery of the property during all or a portion of the period of 75 days from date of delivery. Nothing herein contained shall be construed to prohibit rebutting the presumption of nontransit damage by presenting evidence of, and substantiating, transit damage.

(4) The carrier will be deemed to have waived its right to inspect if:

(a) Exceptions were taken at time of delivery and the carrier fails to inspect within 75 days from the date of delivery; or if

(b) Written documentation of loss or damage has been dispatched within 75 days from the date of delivery and the carrier fails to inspect within 45 days from the date of dispatch or 75 days from the date of delivery, whichever is later.

(5) No claim shall be denied due solely to carrier's lack of opportunity to inspect prior to repair, when the essential nature of the damaged item, such as, refrigerator, washer, dryer, or television, requires immediate repair.

(6) The 120-day period in which carriers must settle a formal claim for loss or damage does not commence until receipt of a formal claim.

(7) The claims for loss and/or damage shall not be limited to the general description of loss or damage to those items noted on the DD Forms 1840 and 1840R. It is agreed that the claim shall be limited only to the items indicated on the DD Forms 1840 and 1840R, except as indicated in paragraphs b(4)(b) and b(5) above.

ITEM 308. **DECLARATION OF VALUE - LIABILITY LIMITATION**

a. The terms "released value," "declared value," and "value declared by the shipper," as used in this rate solicitation, shall have the same meaning.

b. The carrier's maximum liability shall be $1.25 times the net weight (in pounds) of the shipment for any lost or damaged article unless the shipment is released at either a lump sum value declared by the shipper or an amount greater than $1.25 times the net weight (in pounds) of the shipment, whichever is greater.

**DOMESTIC PERSONAL PROPERTY RATE SOLICITATION D-8**

c. The BL is released at lowest value herein, unless otherwise stated. The BL shall be annotated with appropriate statement citing the increased valuation.

d. If the shipper fails to make the entry required above, the shipment shall be deemed released at $1.25 times the net weight (in pounds) of the shipment.

e. The released value and the carrier's maximum liability (whether or not loss or damage occurred from carrier negligence), as determined under this item, shall apply to any claim resulting from the performance or failure to perform by the carrier of any services, including accessorial services, which the carrier contracted is to perform.

ITEM 309. **ARTICLES LIABLE TO CAUSE DAMAGE**

a. When the carrier or its agent believes it necessary that the contents of cartons, boxes, etc., be inspected, they shall make such inspection or cause it to be made, or require other sufficient evidence to determine the actual contents of the property.

b. Carrier will not accept for shipment the following:

(1) Household goods which by its inherent nature is liable to impregnate, contaminate, or otherwise cause damage to other household goods or equipment.

(2) Articles which cannot be taken from or delivered to the premises without damage to the articles or the premises.

ITEM 310. **IMPRACTICABLE OPERATIONS**

a. This rate solicitation shall not require the carrier to perform any line haul service or any other service from or to or at any point or location where, through no fault or neglect of the carrier, the operation of vehicles is impracticable because:

(1) The condition of roads, streets, driveways, alleys, or approaches thereto would subject operations to unreasonable risk of loss or damage to life or property;

(2) Loading or unloading facilities are inadequate;

(3) Any force majeure, war, insurrection, riot, civil disturbance, strike, picketing, or other labor disturbance would subject operations to unreasonable risk of loss or damage to life or property or unreasonably jeopardize the ability of the carrier to render line haul or pickup or delivery or any other service from or to or at other points or locations;

(4) Carrier's hauling contractor, carrier's employees, or carrier's agents are precluded, for reason beyond carrier's control, from entering premises where pickup or delivery is to be made;

(5) Local, state, or federal restrictions, regulations or laws prohibit performance of such services by line haul equipment.

b. Services can be completed through the employment of services of a third party, when possible.