UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON YORK and
MAUREEN YORK,
Plaintiffs,

VS. C.A. NO. 04-551S

DAY TRANSFER MOVING &
STORAGE CO.,
APOLLO VAN LINES, INC.,
ANDREWS EXPRESS &
STORAGE WAREHOUSE, INC.,
and WILLIAMS MOVING
COMPANY,
Defendants.

VOLUME II

CONTINUED DEPOSITION OF JASON YORK, a Plaintiff in the above-entitled cause, taken on behalf of the Defendant, Andrews Express & Storage Warehouse, Inc., before Jane M. Poore, Notary Public, RPR, in and for the State of Rhode Island, at the offices of Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, Rhode Island, on December 16, 2005, at 9:00 A.M.

ALLIED COURT REPORTERS, INC.
115 PHENIX AVENUE
CRANSTON, R.I. 02920
(401) 946-5500

conclusion will not take place until 2007; is that correct?
A. I can't put an exact date on it as the requirements and the time in service commitments change from year to year based on the needs of the service, but as a ballpark figure 2007, 2008 is when I could expect to be looked at for Lieutenant Colonel.
Q. That's based on present regulations?
A. That is correct.
Q. And rules?
A. Yes.
Q. And if the rules change, we'd have a different scenario?
A. That is correct.
Q. So is it not fair to say that at this time the determination of whether or not you make or don't make Lieutenant Colonel is somewhat speculative?
A. Well, it is speculative in that it hasn't occurred, however, what is not speculative is that based on past boards and past history for promotions within the Marine Corps, I am at a lesser advantage than my peers because of the events that ensued from the defendants' action in this case.

Q. Did it need remediation to their thought, in their opinion?

A. Yes.

Q. And why did it need remediation, did they tell you?

A. I don't recall.

Q. Did they tell you whether that might have ill effects on you at some point or on the environment?

A. They didn't say that. I remember they were saying it was unhealthy.

Q. Would you have moved into that home had you known that there was an unhealthy mold condition in the basement?

A. No, I wouldn't have.

MR. MARUSAK: No further questions. Thank you.

(DEPOSITION CLOSED 10:00 A.M.)

CERTIFICATE

I, Jane M. Poore, a Notary Public/RPR, in and for the State of Rhode Island, duly commissioned and qualified to administer oaths, do hereby certify that the foregoing deposition of Jason York, a Plaintiff in the above-entitled cause, was taken before me on behalf of the Defendant, at the offices of Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, Rhode Island, on December 16, 2005, at 9:00 A.M., that previous to examination of said witness, who was of lawful age, he was first sworn by me and duly cautioned and sworn to testify to the truth, the whole truth, and nothing but the truth, and that he thereupon testified as in the foregoing manner as set out in the aforesaid transcript.

I further certify that the foregoing deposition was taken down by me in machine shorthand and was later transcribed and that the foregoing deposition is a true and accurate record of the testimony of said witness.

Pursuant to Rule 5(d) and 30(f) of the Federal Rules of Civil Procedure, original transcripts shall not be filed in court; therefore, the original is delivered and retained by Defendant's attorney, Robert K. Taylor.

I have enclosed with the deposition a correction and signature page, which must be signed before a Notary Public.

IN WITNESS WHEREOF, I hereunto set my hand this 3rd day of January, 2006.

Jane M. Poore Notary Public

JANE M. POORE, NOTARY PUBLIC, RPR
My commission expires 9/11/09

DATE: December 16, 2005
IN RE: York vs. Day
WITNESS NAME: Jason York