**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JASON YORK and MAUREEN YORK**

**Plaintiffs**

**C.A. No. 04-551S**

**v.**

**DAY TRANSER MOVING & STORAGE CO.,**
**ET ALS**

**Defendants**

**PLAINTIFFS' STATEMENT OF DISPUTED FACTS**

Plaintiffs Jason York and Maureen York (the "Yorks") hereby submit their Statement of Disputed Facts pursuant to Fed.R.Civ.P. 56 and LR Cv 56.

1. Andrews Express & Storage Warehouse, Inc. ("Andrews") knew or should have known that the Yorks' household goods were water damaged during storage at Andrews' warehouse during the period June 16, 2004 and August 16, 2004. *See* Declaration of Joseph R. Palumbo, Jr. ("Palumbo Decl."), Ex. 2 at 31, 39-40 (William O'Loughlin Depo.); Ex. 4 at 43-48 (Maureen York Depo.); Ex. 5 at 61-62 (Jason York Depo.).

2. At the time Maureen York discovered on August 16, 2006 that the Yorks' household goods were mold infested most of the moldy goods had already been brought inside the Wolcott Avenue residence. Palumbo Decl., Ex. 4 at 41-42 (Maureen York Depo.).

3. Maureen York quickly became physically ill from the presence of the moldy goods in the house. *Id.* at 41.

4. A large number of boxes that were brought into the house were crushed, had visible signs of water damage, and had mold growing on them. *Id.* at 43-47; *see also* Palumbo Decl., Ex. 5 at 56-58 (Jason York Depo.).

5. There were visible signs of water damage and mold on the furniture items which were brought into the house. Palumbo Decl., Ex. 4 at 44 (Maureen York Depo.); Ex. 5 at 57-59 (Jason York Depo.).

6. If the goods were not delivered to the Yorks' residence on August 16, 2004, Andrews would have been penalized by the government up to and including suspension of its right to handle shipments of goods for military personnel. Palumbo Decl., Ex. 3 at 55-56 (Rick Williams Depo.).

7. Based on advice they received from a mold remediation expert on August 16, 2004 that the house at 505 Wolcott Avenue was hazardous and uninhabitable due to the presence of the mold infested goods, the Yorks were forced to vacate the dwelling. Palumbo Decl. at 66-68 (Maureen York Depo.).

8. Rick Williams, President of Williams Moving Company ("Williams"), which had overall responsibility for the Yorks' move from Schertz Texas to Rhode Island, delayed remediation of the residence and the goods because he decided to go on vacation. Palumbo Decl., Ex. 3 at 75-78 (Rick Williams Depo.).

9. Prior to August 16, 2004 Major York made several visits to the 505 Wolcott Avenue residence while the owners of the property were living there and he never noticed any moldy conditions in the house, including the basement. Palumbo Decl., Ex. 5 at 25-26, 50-52, 90 (Jason York Depo.).

10. As a result of having to abandon their residence on August 16, 2004 the Yorks had to live in a series of hotels and incur expenses for meals and incidentals until they depleted their savings and maxed out their credit cards and were then forced to secure base housing. *Id.* at 97, 135.

11. Because the Yorks were forced to abandon their residence they lost their housing allowance which because it exceeded their actual housing expense represented a loss of tax free income. *Id.* at 101-103.

12. Within a week after the Yorks abandoned their residence, Major York had to drop out of his class at the Naval War College because he could not keep up with the course work and at the same time deal with the stress placed on his family by being forced to abandon their home. *Id.* at 192-195. As a result, Major York's scheduled graduation date of June 2005 was delayed to November 2005. Consequently, he lost the opportunity to serve in a joint duty assignment which would have been available in the summer of 2005. Major York's inability to serve in a joint duty assignment has severely limited his chances for career advancement. *Id*. at 130, 139-145.

13. Maureen York suffered physical and emotional injury resulting from the delivery of the Yorks' household goods into the 505 Wolcott Avenue residence and being forced to abandon the residence for which she received treatment and counseling. Palumbo Decl., Ex. 4 at 88-91 (Maureen York Depo.).

14. Jason York suffered severe trauma to his lower back when he was gathering articles that were supposed to have been cleaned by the remediation company hired by Williams but which still had mold on them. Palumbo Decl., Ex. 5 at 133-135 (Jason York Depo.).

JASON YORK and MAUREEN YORK

By Their Attorney,

/s/ Joseph R. Palumbo, Jr.

Joseph R. Palumbo, Jr. (#0405)
294 Valley Road
Middletown, Rhode Island 02842
(401) 846-5200
(401) 848-0984 (FAX)
joseph@palumblaw.net

DATED: October 2, 2006

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October 2006 I electronically filed the foregoing Plaintiff's Statement of Disputed Facts with the Clerk of the United States District Court of the District of Rhode Island and that the following participants received notice electronically:

James P. Marusak
Robert K. Taylor
William Grimm

and I hereby certify that I have sent by prepaid first class mail a copy of the foregoing document to George W. Wright, a non-CM/EFC participant, at his usual business address.

/s/ Joseph R. Palumbo, Jr.