IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON YORK and
MAUREEN YORK

v. C.A. NO. 04-551 S

DAY TRANSFER COMPANY,
APOLLO VAN LINES, INC., and
ANDREWS EXPRESS &
STORAGE WAREHOUSE, INC.

v.

WILLIAMS MOVING COMPANY

REPLY BRIEF OF DEFENDANT APOLLO VAN LINES, INC.

Apollo Van Lines, Inc. ("Apollo") submits this reply brief in response to plaintiffs' opposition to Apollo's motion for summary judgment. For the reasons stated herein and in its Memorandum in Support of its's Motion for Summary Judgment, Apollo is entitled to summary judgment on Counts IV and V of plaintiffs' complaint, the only counts alleged against it, and on the cross-claims of defendants' Day Transfer Company (Day) and Williams Moving Company (Williams) against Apollo.

First, in their Opposition Memorandum, plaintiffs do not refute any of the facts provided by Apollo in support of Apollo's motion for summary judgment. Instead, plaintiffs' memorandum is devoted entirely to plaintiffs' contention that they are entitled to pursue state and common law causes of action arising from actions of other defendants, Day and Andrews, which occurred after Apollo transferred plaintiffs' goods to Andrews. See Opposition Memorandum at p. 5. Plaintiffs admit that their "goods were damaged as a consequence of their negligent storage in Andrews Warehouse, where holes in the roof allowed water to soak the goods and cause substantial mold damage." Opposition Memorandum at p. 5. Plaintiffs

state that their "claims are based on defendants' actions in delivering the mold damaged goods to the Yorks' residence after they knew the goods were damaged, thereby causing harm to the Yorks personally and their home that is separate from the damage to their household goods." Opposition Memorandum at p. 10. Apollo had nothing whatsoever to do with the damage to the goods, the delivery of the goods to plaintiffs' home, or damage to the plaintiffs personally or their home.

Second, plaintiffs failed to produce any evidence that Apollo engaged in any conduct that would make it liable to plaintiff. Indeed, plaintiffs did not even mention Apollo in its Statement of Disputed Facts.

Third, the plaintiffs have admitted the facts in Apollo's statement of undisputed facts. Local Rule 56(a)(3) states that "[f]or purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion." The plaintiffs have not denied, expressly or otherwise, any of the facts in Apollo's statement of undisputed facts. Furthermore, Local Rule 56(a)(4) states that "[a]n objecting party also may file a Statement of Disputed and/or Undisputed Facts setting forth Disputed Facts and/or additional Undisputed Facts that the objecting party contends precludes summary judgment. Any denied or controverted fact must be supported by affidavit or other evidentiary material." Plaintiffs do not deny or otherwise controvert any facts set forth in Apollo's Statement of Undisputed Facts.

Fourth, plaintiffs do not respond to or contest the legal bases for summary judgment set forth in Apollo's Memorandum of Law in Support of its Motion for Summary Judgment. Apollo is entitled to judgment as a matter of law because (a) the undisputed record shows that no loss or damage occurred while Apollo had possession of plaintiffs' goods; (b) Apollo, an intermediate carrier, is not amenable to suit by plaintiffs under the Carmack Amendment, 49

U.S.C. §14706(a) (1); and (c) under the terms of the GBL, the carrier liability is $1.25 per pound for plaintiffs' shipment and that the "per GBL" annotation on the Day commercial bill of lading correctly stated the carrier liability and was not a misrepresentation. None of this is disputed by the plaintiffs.

Fifth, Apollo is entitled to summary judgment on the cross-claims of Day and Williams for contribution and indemnification because the undisputed facts show that none of the alleged damages occurred while plaintiffs' household goods were in the possession of Apollo.

Apollo Van Lines, Inc. respectfully requests that the Court grant its Motion for Summary Judgment on each of the claims set forth against it by plaintiffs Jason and Maureen York and by cross-claimants Day Transfer Company and Williams Moving Company.

APOLLO VAN LINES, INC.

By its Counsel

/s/Mitchell R. Edwards
William R. Grimm (#1938)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Synder, LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
wgrimm@haslaw.com
medwards@haslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2006, a copy of the foregoing Reply Brief of Defendant Apollo Van Lines, Inc. was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mitchell R. Edwards

William R. Grimm (#1938)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
wgrimm@haslaw.com
medwards@haslaw.com