**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JASON YORK and MAUREEN YORK,<br>Plaintiffs,<br><br>v.<br><br>DAY TRANSFER COMPANY,<br>APOLLO VAN LINES, INC. and<br>ANDREWS EXPRESS & STORAGE<br>WAREHOUSE, INC.,<br>Defendants,<br>v.<br><br>WILLIAMS MOVING COMPANY,<br>Third Party Defendant. | C.A. No. 04-551 S |

**DEFENDANT ANDREWS EXPRESS AND STORAGE WAREHOUSE, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' Memorandum In Opposition To Defendants' Motion For Summary Judgment ("Pl. Mem.") urges the Court to reinterpret the Carmack Amendment to allow state law claims for "negligent delivery" of damaged goods. Whether or not negligent, delivery is part of the interstate transportation of goods, and state law claims arising out of the interstate transportation of goods have been preempted by Congress. Contrary to Plaintiffs' suggestion, *Rini v. United Van Lines, Inc.*, 104 F.3d 502 (1st Cir. 1997), which left open the possibility of state law claims "arising from separate harms, apart from the loss or damage of goods," does not leave interstate carriers exposed to all manner of state law claims other than claims for property damage. Rather, as set forth in detail in Defendants' opening memoranda, the delivery of damaged goods, and any harm caused by the delivery of damaged goods, including personal injury, emotional distress, and making a dwelling uninhabitable, are not separate and apart from the damage to the goods so as to survive preemption under the Carmack Amendment.

Plaintiffs have not challenged the second basis raised by Andrews as independent grounds for summary judgment in its favor. As an agent of a disclosed principal (Day Transfer Company), and a non-party to the bill of lading, Andrews cannot, as a matter of law, be held liable to the Plaintiffs for any harm to Plaintiffs or their goods. 49 U.S.C. § 13907. Andrews is entitled to summary judgment on this basis alone.

## I. PLAINTIFFS' STATE LAW NEGLIGENCE CLAIMS ARE PREEMPTED BY THE CARMACK AMENDMENT

The parties in this case seem to agree that to escape preemption under the Carmack Amendment, the Plaintiffs must allege a harm separate and apart from the loss or damage of goods. *Rini v. United Van Lines, Inc.*, 104 F.3d 502 (1st Cir. 1998). Plaintiffs see a separate harm in the alleged "negligent delivery" of their goods by Andrews. This ignores the overwhelming authority holding that claims for negligence (including claims seeking damages for emotional distress and for making a dwelling uninhabitable) are preempted by the Carmack Amendment where such claims arise out of the delivery of damaged goods.[1] Plaintiffs also ignore the First Circuit's unambiguous statement that state law claims for "liability stemming from the claims process, and liability related to the payment of claims" are preempted. *Rini*, 104

---

1 *See Morris v. Covan World Wide Moving Inc.*, 144 F.3d 377, 383 (5th Cir. 1998) (claim for emotional distress damages preempted because it stemmed from the destruction of plaintiff's goods while being transported by the defendant); *Alessandra v. Mullen Brothers*, 10 Mass. L. Rep. 546, 1999 Mass. Super LEXIS 399, * 2 (Mass. 1999) (applying federal law) (plaintiff's negligence claim was preempted where defendants delivered goods contaminated with pesticides during storage, which caused plaintiff to suffer a severe physical reaction requiring medical attention and which forced plaintiff to move out of her apartment. The court held that "[n]one of Alessandra's injuries were independent from the damage caused to her property, unlike the *Rini* example of injuries resulting from an assault and battery committed by a carrier's employee upon a shipper."); *Glass v. Crimmins*, 299 F. Supp. 2d 878 (C.D. Ill. 2004) (Plaintiff's claims for intentional infliction of emotional distress and personal injury preempted where defendant knew of, but did not disclose mold damage to goods. The court held that "[t]he duty to disclose damage to goods was [] part and parcel of the shipment, storage and delivery of the furniture, and cannot therefore be considered a separate harm." *Id*. at 887.); *Tayloe v. Kachina Moving & Storage, Inc.*, 16 F. Supp. 2d 1123 (D. Ariz. 1998) (negligence claim for personal injury resulting from delivery of moldy goods preempted because it arose out of the interstate transportation of plaintiffs' household goods); *Strike v. Atlas Van Lines*, 102 F. Supp. 2d 599 (M.D. Pa. 2000) (claims for personal injury preempted where gasoline soaked goods delivered by defendant caused physical injury to plaintiffs.). In *Strike*, the court rejected plaintiff's attempt to distinguish cases where the damage to the goods "involved latent contaminants not readily ascertainable to the naked eye," holding that latency or obviousness was immaterial to the Carmack Amendment's preemptive effect. 102 F. Supp. 2d at 600-01.

F.3d at 506. As Plaintiffs' damages largely arise from alleged mishandling of their claim after the goods were delivered, preemption clearly applies.

Instead, Plaintiffs cite cases that assert claims for intentional infliction of emotional distress and fraud. These cases are not on point, as neither of these claims have been asserted by the Plaintiffs here. Further, to the extent such claims were allowed to proceed in these cases, it was because they were based on conduct separate and apart from the delivery of the goods. *Smith v. United Parcel Service*, 296 F.3d. 1244, 1248-49 (11th Cir. 2002) (internal citations omitted) ("only claims based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption. . . . In other words, separate and distinct conduct rather than injury must exist for a claim to fall outside the preemptive scope of the Carmack Amendment.").[2]

For example, the plaintiffs in *Rosenthal v. United Van Lines, LLC*, 174 F. Supp. 2d (N.D. Ga. 2001), *Gordon v. United Van Lines, Inc.*, 130 F.3d 282 (7th Cir. 1997) and *Schwarz v. National Van Lines, Inc.*, 2004 U.S. Dist. LEXIS 9398 (N.D. Ill. 2004) asserted claims for intentional infliction of emotional distress. They did not merely seek damages for emotional distress stemming from alleged "negligent delivery" of damaged goods. In *Rosenthal*, the defendant blocked the plaintiffs' driveway to prevent the delivery of their goods by non-union workers and essentially brought a labor dispute to the plaintiffs' home, during the course of which their belongings were damaged. In *Gordon*, an elderly, arthritic, visually and hearing impaired woman hired the defendant to move her goods. The defendant delivered part of the goods, and intentionally destroyed the rest. After several months of misleading the plaintiff as to the location of her goods, the defendant finally sent plaintiff a claim form for the remainder of

2 *Smith* involved UPS' refusal to make deliveries to the plaintiff's home after an altercation with the plaintiff's son. The court held that this conduct was inextricably related to the transportation and delivery services provided (or not) by UPS, and that all of plaintiff's state law claims (including a claim for fraud) were preempted.

the shipment. In *Schwarz*, an employee of the defendant absconded with the plaintiff's goods. Over the course of several months, the defendant refused to provide plaintiff with information about the investigation, provided false information to the plaintiff about the investigation, and promised to pay the cost of round trip airfare to the location of the goods when they were located, but then, after months of delay, offered to pay only 50%. The courts in these cases found intentional misconduct separate and apart from the interstate transport and delivery of the goods, and concluded that the intentional tort claim was not preempted.[3]

In *Opp v. Wheaton Van Lines, Inc.*, 1999 U.S. Dist. LEXIS 3513 (N.D. Ill. 1999), the court analyzed the Carmack Amendment's preemptive effect on a claim for fraud. The Plaintiff's goods had been destroyed when the truck being used to transport them was struck by a train. Plaintiff's complaint alleged that the Defendants fraudulently demanded payment for the shipment knowing that Plaintiff's goods had already been damaged or destroyed in the accident. The court held that the claim of knowing misrepresentation by the carrier was not preempted.

*Roberts v. North American Van Lines, Inc.*, 394 F. Supp. 2d 1174 (N.D. Cal. 2004), dealt with a class action lawsuit involving a "bait and switch" scheme wherein moving companies allegedly gave potential customers unrealistically low estimates to secure their business, and then charged much more for the shipments later and refused to release the property until full payment was made. The court in *Roberts* found that the "deceptive practice of providing customers with a low estimate" was "a separate and independently actionable harm to the shipper as distinct from the loss of, or damage to, the goods shipped." *Id.* at 1182.

In the present case, there are no intentional tort or fraud claims. Andrews delivered the goods to the Plaintiffs' residence and took no further action. The knowledge of

---

[3] Plaintiffs also cite *Hubbard v. All States Relocation Services, Inc.*, 1114 F. Supp. 2d 1374 (S.D. Ga. 2000) as authority allowing a claim for intentional infliction of emotional distress to survive preemption. *Hubbard* held only that the plaintiff's complaint should survive a motion to dismiss, and did not reach the question of whether the conduct alleged in that case was sufficiently distinct from the shipment of the goods to avoid preemption.

Andrews' employees prior to delivering the goods is not material, as Plaintiffs have not alleged a knowing misrepresentation. There is simply no conduct whatsoever in this case that is separate and apart from the delivery of Plaintiffs' goods.

## II. AS THE AGENT OF A DISCLOSED PRINCIPAL, ANDREWS IS NOT LIABLE TO PLAINTIFFS.

As an agent of a disclosed principal (Day Transfer Company), and a non-party to the bill of lading, Andrews cannot, as a matter of law, be held liable to the Plaintiffs for any harm to Plaintiffs or their goods. Plaintiffs have not challenged this argument, or the effect of 49 U.S.C. § 13907 and the case of *Werner v. Lawrence Transportation Systems, Inc.*, 52 F. Supp. 2d 567 (E.D.N.C. 1998) cited by Andrews. Independent of any analysis of the Carmack Amendment, 49 U.S.C. § 13907 as interpreted and applied in *Werner* is a wholly independent ground upon which Andrews is entitled to summary judgment on all claims against it.

## III. CONCLUSION

For all of the foregoing reasons, Andrews' motion for summary judgment should be granted.

ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: October 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2006, the foregoing ANDREWS EXPRESS & STORAGE WAREHOUSE, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was electronically filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following ECF registered counsel of record:

Joseph R. Palumbo, Jr., Esq.
James P. Marusak, Esq. / Gidley, Sardi & Marusak, LLP
William Grimm, Esq., Mitchell Edwards, Esq. / Hinckley Allen & Snyder, LLC

and that a copy has been sent by prepaid first class mail to the following non ECF non-registered counsel:

George W. Wright, Esq.
George W. Wright & Associates, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601

/s/ Robert K. Taylor

879649_1/4004-2